UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                                       Case No. 14-36783-BKC-RAM

EDUARDO LOPEZ and IRIS PORTAL,                          Chapter 7

      Debtors.
_____/

## TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE BROKER AND ENTER INTO LISTING AGREEMENTS

Chapter 7 Trustee, Soneet R. Kapila (the "Trustee"), by undersigned counsel, pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014 and Local Rule 9013-1(C)(4), requests the Court enter an order approving the retention of Maria Vasile ("Vasile") and Maria Vasile, P.A. ("MVPA"), to provide certain real estate brokerage services in this case and authorizing the Trustee to enter into listing agreements for the sale of real properties, and states:

1.    This case was commenced by the filing of a voluntary Chapter 7 petition on December 8, 2014 by Eduardo Lopez and Iris Portal (the "Debtors"). Soneet Kapila was appointed interim trustee and became permanent trustee by operation of law.

2.    The Debtors listed on their Schedule "A" an interest in two (2) real properties located at 1275 W 35 St #23B, Hialeah, FL 33012 and 5936 W 18 Ct #3-3, Hialeah, FL 33012 (the "Properties"). The Properties were not claimed as exempt on the Debtors' Schedule "C". Therefore, the Properties are property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

3.    Upon information and belief, the Properties have sufficient equity to provide a meaningful distribution to unsecured creditors, and the Trustee intends on marketing and selling the Properties pursuant to 11 U.S.C. § 363.

4.    As such, it is necessary for the Trustee to employ a licensed real estate broker with the requisite real estate brokerage experience to handle the Trustee's marketing efforts. The Trustee has conferred with Vasile and MVPA, which has the ability and experience to represent the Trustee.

5. The Trustee believes that it is in the best interest of the estate to market and sell the Properties and that Vasile and MVPA are qualified to sell the Properties for the benefit of the estate.

6. The professional services to be rendered are summarized as follows:

   a. Analyze and determine the market value of the Properties;

   b. Advertise and show the Properties to potential buyers; and

   c. Sell and assist with the closing of the sale of the Properties.

7. Vasile and MVPA are disinterested parties, who do not hold any adverse interest to the estate. *See* Exhibit "A" – Vasile's Affidavit of Disinterestedness.

8. Attached to this Application as Exhibit "B" and Exhibit "C" are the listing agreements entered into between the Trustee and MVPA, subject to the Court's approval, the principal terms of which are that Trustee and MVPA have agreed that MVPA would be paid at closing a 6% commission fee, with MVPA agreeing to share such commission with any cooperating buyer's broker. The Properties will be listed by MVPA until July 31, 2016.

9. The Trustee requests that the Court authorize the Trustee to enter into the attached listing agreements.

10. The Trustee submits that a 6% commission rate is standard within the real estate industry and that approval of this Motion would be in the best interest of the bankruptcy estate.

WHEREFORE, the Trustee respectfully requests the Court enter an order authorizing the employment of Vasile and MVPA as Real Estate Broker for the Trustee, and authorizing the Trustee to enter into the listing agreements attached as Exhibit "B" and Exhibit "C", which authorize Vasile and MVPA to handle the Trustee's marketing efforts for the Properties, and for such other and further relief as the Court deems just and proper.

Dated: November 10, 2015.

LEIDERMAN SHELOMITH, P.A.
Attorneys for Soneet R. Kapila
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
ZACH B. SHELOMITH
Florida Bar No. 0122548
zshelomith@lslawfirm.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served on November 10, 2015 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference), and via U.S. Mail to Eduardo Lopez and Iris Portal, 8857 NW 115 St, Hialeah Gardens, FL 33018.

By:_____/s/_____
Zach B. Shelomith

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                Case No. 14-36783-BKC-RAM

EDUARDO LOPEZ and IRIS PORTAL,        Chapter 7

　　　　Debtors.
_____/

### AFFIDAVIT OF MARIA VASILE IN SUPPORT OF RETENTION OF MARIA VASILE, P.A. AS THE ESTATE'S REAL ESTATE BROKER

STATE OF FLORIDA     )
                     ) ss:
COUNTY OF BROWARD    )

Maria Vasile, being duly sworn, says:

1. I am a real estate broker licensed in the State of Florida.

2. I am employed by the real estate brokerage firm of Maria Vasile, P.A. ("MVPA"), with my principal office located at 4101 N 31 Ave, Hollywood, FL 33021.

3. Neither I nor MVPA represent any interest adverse to the Debtors, the Trustee or the bankruptcy estate, and MVPA is a disinterested party in this case.

4. The Trustee, subject to Court approval, has agreed to compensate MVPA at closing a 6% commission fee, with MVPA agreeing to share such commission with any cooperating buyers' broker.

5. To the extent that any information provided herein requires amendment or modification upon MVPA's completion of further analysis or as additional creditor information becomes available to it, a supplemental affidavit will be submitted to the Court reflecting same.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Maria Vasile

Exhibit "A"

The foregoing instrument was acknowledged before me this __1__ day of ~~August~~ Sep, 2015, by Maria Vasile, who is personally known to me or who provided __FLDL__ as identification, and who did/did not take an oath.

Notary Public, State of Florida

Print Name: Kerly Vallejo

Commission No.: FF 094721

Signed: _[signature]_

My Commission Expires: 2/20/2018

> **KERLY VALLEJO**
> Notary Public, State of Florida
> Commission# FF 094721
> My comm. expires Feb. 20, 2018

Exhibit "A"

## EXCLUSIVE RIGHT-OF-SALE LISTING CONTRACT

To_____MARIA VASILE, P.A._____
(Real Estate Company, hereinafter referred to as REALTOR)
In consideration of your agreement to list and to use your efforts to secure a buyer for the property legally described as:
COURTYARDS OF HIALEAH CONDO; UNIT 23B BLDG B    **PROPERTY FOLIO NO:** 04-3011-041-0890
Also known as:
**Address:** 1275 W 35th St / Unit 23B **City** of: HIALEAH **County of:** DADE **State of:** FLORIDA **ZIP CODE:** 33012
and your further agreement to cooperate with other REALTORS and in further consideration of your paying a fee for the distribution of information at the following price and terms:
PRICE: $ 85,000.00____Unfurnished__X___Furnished_____Partially Furnished_____Inventory List_____.
FINANCING TERMS:   Cash   X    Cash to Mortgage    Conventional  X   FHA   VA    Purchase Money Mortgage - Down
Payment_____1st_____2nd_____Years_____Other_____
or any other price, terms or exchange to which Seller may hereafter consent. Seller understands that the terms and conditions shall be pursuant to a contract form customarily used in the community or by REALTOR's office. Interest on encumbrances, taxes, insurance and rents shall be adjusted pro rata at date of closing. Certified improvement liens are to be paid by Seller. Seller shall provide access / keys to the property.
This exclusive right and authority shall commence/renew on **September 2, 2015 and shall expire at 11:59 p.m. on **July 31, 2016**.
1.  SELLER OWNED PERSONAL PROPERTY INCLUDED:  All fixed equipment, window screens and hardware, attached floor coverings and attached lighting fixtures as presently installed on said property. If there are multiple items, enter the number of items (i.e. 6 Ceiling Fans). Also included: **TO BE DETEREMINED UPON INSPECTION OF THE PREMISES**
    **\*\*EXCLUDES ANY TENANT PERSONAL PROPERTY OR FURNISHINGS AS MAY APPLY**
    ____Central A/C____Ice Maker____Washer____Pool Motor & Pump____Smoke Detector
    ____Central Heat____Dishwasher____Dryer____Pool Equipment____Sprinkler System w/Pump
    ____Window/Wall A/C     ____Disposal____Water Heater____Pool Heater____Storage Shed
    ____Ceiling Fan____Range____Garage Door Opener____Spa/Hot Tub____Satellite Dish/TV
    ____Window Treatments____Oven____Intercom____Above Ground Pool____Water Softener/Purifier
    ____Refrigerator____Microwave Oven____Security System____Pool Filter System
2.  Other (please specify) ALL PERSONAL PROPERTY IS SOLD IN "AS IS" CONDITION.
3.  ITEMS AFFIXED TO PROPERTY BUT NOT INCLUDED:  **TO BE DETERMINED**
4.  LEASED EQUIPMENT IF ANY: (e.g. Security System, Water Heater, Appliances, etc.)   NONE.
5.  All negotiations on said property will be made through the listing office.
6.  Whenever the context permits, singular shall included plural and gender shall include all. Any reference herein to REALTOR shall also apply to MLS. Participants and Licensed Real Estate Brokers. References to persons shall include all entities natural, corporate or created by law.
7.  Seller understands that the Listing REALTOR is acting as a ____Non-Representative __X__Transaction Broker ____Agent of the Seller. Any Cooperating REALTOR may be an Agent of the Buyer, Transaction Broker or Non-Representative.
8.  In no event, shall this Listing be construed to establish an agency relationship between Seller and any Cooperating Broker.
9.  For finding a buyer for the above property:
    A.  Seller agrees to pay Listing Realtor a professional service fee of SIX (6) % of the total sales price as may be approved by the Bankruptcy Court.
    B.  Seller agrees to close the sale of this property at such reasonable date as is mutually agreed between Seller and Buyer. and / or as may be determined by the Order of the Court (as may be applicable).
10. In consideration of this Exclusive Right of Sale Listing, REALTOR agrees:
    A.  To process Seller's property through the Multiple Listing System or other marketing sites as Realtor deems appropriate.
    B.  To direct the efforts of REALTOR's organization in bringing about a sale.
    C.  To advertise Seller's property if REALTOR deems appropriate.
    D.  To take all reasonable precautions to prevent damage in the process of showing property or permitting others to show property.
    E.  To furnish at all times additional information requested by any REALTOR and to assist Cooperating REALTORS in the presentation of offers to purchase this property.
    F.  To promptly pay any Cooperating REALTOR who sells the property a professional service fee in accordance with REALTOR's mutual agreement.

11. In consideration of the above, Seller agrees to refer to REALTOR all inquiries of any parties increased in the property. REALTOR and/or the Selling Office are authorized to accept, receipt for and hold in escrow all funds paid or deposited as a binder.

12. Seller understands that this Contract does not guarantee the sale of Seller's property, but that REALTOR will make an earnest and continued effort to sell same until this Contract is terminated. All parties agree that REALTOR shall not be obligated to continue marketing the property or present any additional offers after the execution of a Contract by buyer and Seller. Seller agrees that REALTOR may post a FOR SALE sign on the property if lawfully permitted.

13. _X_ Yes ____ No  Seller authorizes REALTORS to publish interior and exterior photos and/or virtual tours of Subject property in magazines, MLS, internet, and other media as deemed appropriate by the REALTOR.

14. Seller hereby authorizes REALTORS to contact the holder of every mortgage on this property (if any) to obtain current mortgage information.

Mortgagee_____ Loan #_____

Mortgagee_____ Loan #_____

15. Seller agrees that under the Fair Housing Act, Seller may not ask or expect the sale of Seller's property to be restricted according to race, color, creed, religion, sex, handicap, familial status, age or national origin. Seller understands that Federal Law prohibits REALTORS or Sellers from placing any such restrictions on showings or information of the availability of homes for sale or rent.

16. Seller has disclosed that a Contract for Sale and Purchase will require approval of a third party, as indicated (Check one) None____ Seller's attorney____ Probate Court____ Guardian____ Trustee X Other X (please specify)__BANKRUPTCY COURT____.

17. If Seller is a foreign person or entity, Seller may be required an IRS Form W-7 with the Internal Revenue Service for a Social Security Number (SSN) or Tax Identification Number (TIN)

18. LIST DEFECTS, DISCLOSURES, ADDITIONAL PROVISIONS, ETC.: (If none, state none)__THE REAL PROPERTY AND ALL IMPROVEMENTS ARE SOLD IN THEIR "AS / IS / WHERE IS" CONDITION WITH RIGHT OF INSPECTIONS. ALL OFFERS AND SALE OF THE PROPERTY IS SUBJECT TO BANKRUPTCY COURT APPROVAL.__

19. Seller has reviewed the information shown on this Listing Contract and hereby acknowledges it is true and correct. Seller shall hereby indemnify and hold harmless Realtor from any liability arising from the information provided by Seller.

20. **The Effective Date of this Listing Agreement shall commence on the date which the Order Approving the Retention of the Broker and / or this Listing Agreement is approved by the Bankruptcy Court.

21. This agreement is intended to be conformance with the Florida Statutes.

22. This contract is subject to the approval of the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court") and may be modified as specified in the Order approving retention.

23. All disputes are subject to the jurisdiction of the Bankruptcy Court for the Southern District of Florida.

24. The sale of this property is subject to the approval of the Bankruptcy Court and subject to the highest and best offer as may be applicable.

25. No commission is deemed payable until approved and awarded by the Bankruptcy Court and the sale closes.

26. Seller may cancel this agreement prior to the ending date of the listing period with advance notice to the broker, and without payment of a commission or any other consideration, if the property is conveyed to the mortgage insurer or the mortgage holder.

MARIA VASILE BROKER
MARIA VASILE, P.A

Broker: _[signature] Maria Vasile 9/21/15_
                            Date

SONEET KAPILA AS CHAPTER 7 TRUSTEE,
FOR EDUARDO LOPEZ and IRIS PORTAL
BANKRUPTCY CASE NO. 14-36783-RAM

Seller: _[signature] 9/15/15_
                        Date

## ADDENDUM TO LISTING AGREEMENT FOR PROPERTY AT
## 1275 WEST 35 STREET, UNIT #23B, HIALEAH, FL. 33012

A) Any contract for the sale of the property covered by this listing agreement is subject to approval by the United States Bankruptcy Court for the Southern District of Florida in connection with the bankruptcy case of Eduardo Lopez and Iris Portal, Case Number 14-36783-RAM in accordance with the applicable provisions of the Bankruptcy Procedures, and the Local Rules of the United States Bankruptcy Court for the Southern District of Florida.

B) No commission shall be due nor shall any commission be payable, nor shall any cancellation fee be due pursuant to this listing agreement except upon closing of a contract for sale and purchase of the real property covered by this listing agreement after approval of such contract by the United States Bankruptcy Court for the Southern District of Florida.

C) Notwithstanding the provisions of Paragraph 1 of this listing agreement, this listing agreement shall automatically terminate upon the entry of an Order by the United States Bankruptcy Court for the Southern District of Florida in connection with the case of Eduardo Lopez and Iris Portal, Case Number 14-36783- RAM, granting relief from the automatic stay provisions of Section 362 of the Bankruptcy Code to any person or entity holding a mortgage or other lien on the real property covered by this listing agreement.

\* D) Any provisions contained in this listing agreement to the contrary notwithstanding, no commission shall be due and payable pursuant to this listing agreement, nor shall any termination fee be paid if the real property covered by the listing agreement is sold to Eduardo Lopez and Iris Portal or to any person or entity holding a mortgage or other lien on the property.

Dated: 9/15/15      _\[signature\]_
                    Soneet R. Kapila, Chapter 7 Trustee

Dated: 9/25/15      _\[signature\]_
                    Maria Vasile, Broker

\* Item (D) Exception:
In the EVENT BROKER PROCURES A BUYER for THE SUBJECT Property AND The AFOREMENTIONED PARTIES SUBSEQUENTLY PURCHASE THE PROPERTY, BROKER SHALL BE PAID COMMISSION BASED UPON THE PURCHASE PRICE of CONTRACT OFFER MADE BY THE BROKER'S BUYER(S) NOT THE HIGHER PURCHASE OFFER MADE BY DEBTORS.

Exhibit "B"

## EXCLUSIVE RIGHT-OF-SALE LISTING CONTRACT

To _____ MARIA VASILE, P.A. _____
(Real Estate Company, hereinafter referred to as REALTOR)
In consideration of your agreement to list and to use your efforts to secure a buyer for the property legally described as:
EL SEVILLANO TOWNHOMES CONDO UNIT 3 BLDG 3    **PROPERTY FOLIO NO**: 04-2035-102-0210
Also known as:
**Address: 5936 W 18th Ct / Unit #3-3  City** of: HIALEAH  **County** of: DADE **State** of: FLORIDA  **ZIP CODE:** 33012
and your further agreement to cooperate with other REALTORS and in further consideration of your paying a fee for the distribution of information at the following price and terms:
PRICE: $ 150,000.00 ___ Unfurnished __X__ Furnished_____ Partially Furnished_____ Inventory List _____.
FINANCING TERMS:   Cash   X    Cash to Mortgage    Conventional  X   FHA   VA    Purchase Money Mortgage - Down Payment _____ 1st _____ 2nd _____ Years _____ Other_____
or any other price, terms or exchange to which Seller may hereafter consent. Seller understands that the terms and conditions shall be pursuant to a contract form customarily used in the community or by REALTOR's office. Interest on encumbrances, taxes, insurance and rents shall be adjusted pro rata at date of closing. Certified improvement liens are to be paid by Seller. Seller shall provide access / keys to the property.
This exclusive right and authority shall commence/renew on **September 2, 2015 and shall expire at 11:59 p.m. on July 31, 2016.
1. SELLER OWNED PERSONAL PROPERTY INCLUDED:  All fixed equipment, window screens and hardware, attached floor coverings and attached lighting fixtures as presently installed on said property. If there are multiple items, enter the number of items (i.e. 6 Ceiling Fans). Also included: **TO BE DETEREMINED UPON INSPECTION OF THE PREMISES**
 *****EXCLUDES ANY TENANT PERSONAL PROPERTY OR FURNISHINGS AS MAY APPLY***
____Central A/C____Ice Maker____Washer____Pool Motor & Pump____Smoke Detector
____Central Heat____Dishwasher____Dryer____Pool Equipment____Sprinkler System w/Pump
____Window/Wall A/C  ____Disposal___Water Heater___Pool Heater____Storage Shed
____Ceiling Fan____Range___Garage Door Opener____Spa/Hot Tub____Satellite Dish/TV
____Window Treatments____Oven ____Intercom____Above Ground Pool____Water Softener/Purifier
____Refrigerator____Microwave Oven____Security System____Pool Filter System
2. Other (please specify) ALL PERSONAL PROPERTY IS SOLD IN "AS IS" CONDITION.
3. ITEMS AFFIXED TO PROPERTY BUT NOT INCLUDED: **TO BE DETERMINED**
4. LEASED EQUIPMENT IF ANY: (e.g. Security System, Water Heater, Appliances, etc.)  NONE.
5. All negotiations on said property will be made through the listing office.
6. Whenever the context permits, singular shall included plural and gender shall include all. Any reference herein to REALTOR shall also apply to MLS. Participants and Licensed Real Estate Brokers. References to persons shall include all entities natural, corporate or created by law.
7. Seller understands that the Listing REALTOR is acting as a ____Non-Representative __X__Transaction Broker ____Agent of the Seller. Any Cooperating REALTOR may be an Agent of the Buyer, Transaction Broker or Non-Representative.
8. In no event, shall this Listing be construed to establish an agency relationship between Seller and any Cooperating Broker.
9. For finding a buyer for the above property:
    A. Seller agrees to pay Listing Realtor a professional service fee of SIX (6) % of the total sales price as may be approved by the Bankruptcy Court.
    B. Seller agrees to close the sale of this property at such reasonable date as is mutually agreed between Seller and Buyer. and / or as may be determined by the Order of the Court (as may be applicable).
10. In consideration of this Exclusive Right of Sale Listing, REALTOR agrees:
    A. To process Seller's property through the Multiple Listing System or other marketing sites as Realtor deems appropriate.
    B. To direct the efforts of REALTOR's organization in bringing about a sale.
    C. To advertise Seller's property if REALTOR deems appropriate.
    D. To take all reasonable precautions to prevent damage in the process of showing property or permitting others to show property.
    E. To furnish at all times additional information requested by any REALTOR and to assist Cooperating REALTORS in the presentation of offers to purchase this property.
    F. To promptly pay any Cooperating REALTOR who sells the property a professional service fee in accordance with REALTOR's mutual agreement.

11. In consideration of the above, Seller agrees to refer to REALTOR all inquiries of any parties increased in the property. REALTOR and/or the Selling Office are authorized to accept, receipt for and hold in escrow all funds paid or deposited as a binder.

12. Seller understands that this Contract does not guarantee the sale of Seller's property, but that REALTOR will make an earnest and continued effort to sell same until this Contract is terminated. All parties agree that REALTOR shall not be obligated to continue marketing the property or present any additional offers after the execution of a Contract by buyer and Seller. Seller agrees that REALTOR may post a FOR SALE sign on the property if lawfully permitted.

13. __X__ Yes ____ No  Seller authorizes REALTORS to publish interior and exterior photos and/or virtual tours of Subject property in magazines, MLS, internet, and other media as deemed appropriate by the REALTOR.

14. Seller hereby authorizes REALTORS to contact the holder of every mortgage on this property (if any) to obtain current mortgage information.

Mortgagee_____ Loan #_____

Mortgagee_____ Loan #_____

15. Seller agrees that under the Fair Housing Act, Seller may not ask or expect the sale of Seller's property to be restricted according to race, color, creed, religion, sex, handicap, familial status, age or national origin. Seller understands that Federal Law prohibits REALTORS or Sellers from placing any such restrictions on showings or information of the availability of homes for sale or rent.

16. Seller has disclosed that a Contract for Sale and Purchase will require approval of a third party, as indicated (Check one) None_____ Seller's attorney_____ Probate Court_____ Guardian_____ Trustee  X  Other  X (please specify)__BANKRUPTCY COURT____.

17. If Seller is a foreign person or entity, Seller may be required an IRS Form W-7 with the Internal Revenue Service for a Social Security Number (SSN) or Tax Identification Number (TIN)

18. LIST DEFECTS, DISCLOSURES, ADDITIONAL PROVISIONS, ETC.: (If none, state none)__THE REAL PROPERTY AND ALL IMPROVEMENTS ARE SOLD IN THEIR  "AS / IS / WHERE IS"  CONDITION WITH RIGHT OF INSPECTIONS. ALL OFFERS AND SALE OF THE PROPERTY IS SUBJECT TO BANKRUPTCY COURT APPROVAL._____

19. Seller has reviewed the information shown on this Listing Contract and hereby acknowledges it is true and correct. Seller shall hereby indemnify and hold harmless Realtor from any liability arising from the information provided by Seller.
20. **The Effective Date of this Listing Agreement shall commence on the date which the Order Approving the Retention of the Broker and / or this Listing Agreement is approved by the Bankruptcy Court.
21. This agreement is intended to be conformance with the Florida Statutes.
22. This contract is subject to the approval of the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court") and may be modified as specified in the Order approving retention.
23. All disputes are subject to the jurisdiction of the Bankruptcy Court for the Southern District of Florida.
24. The sale of this property is subject to the approval of the Bankruptcy Court and subject to the highest and best offer as may be applicable.
25. No commission is deemed payable until approved and awarded by the Bankruptcy Court and the sale closes.
26. Seller may cancel this agreement prior to the ending date of the listing period with advance notice to the broker, and without payment of a commission or any other consideration, if the property is conveyed to the mortgage insurer or the mortgage holder.

MARIA VASILE BROKER  
MARIA VASILE, P.A  

Broker: _[signature] Maria Vasile 9/21/15_  
Date  

SONEET KAPILA AS CHAPTER 7 TRUSTEE,  
FOR EDUARDO LOPEZ and IRIS PORTAL  
BANKRUPTCY CASE NO. **14-36783**-RAM  

Seller_[signature] 9/15/15_  
Date

ADDENDUM TO LISTING AGREEMENT FOR PROPERTY AT
5936 WEST 18TH COURT, UNIT #3-3, HIALEAH, FL. 33012

A) Any contract for the sale of the property covered by this listing agreement is subject to approval by the United States Bankruptcy Court for the Southern District of Florida in connection with the bankruptcy case of Eduardo Lopez and Iris Portal, Case Number 14-36783-RAM in accordance with the applicable provisions of the Bankruptcy Procedures, and the Local Rules of the United States Bankruptcy Court for the Southern District of Florida.

B) No commission shall be due nor shall any commission be payable, nor shall any cancellation fee be due pursuant to this listing agreement except upon closing of a contract for sale and purchase of the real property covered by this listing agreement after approval of such contract by the United States Bankruptcy Court for the Southern District of Florida.

C) Notwithstanding the provisions of Paragraph 1 of this listing agreement, this listing agreement shall automatically terminate upon the entry of an Order by the United States Bankruptcy Court for the Southern District of Florida in connection with the case of Eduardo Lopez and Iris Portal, Case Number 14-36783- RAM, granting relief from the automatic stay provisions of Section 362 of the Bankruptcy Code to any person or entity holding a mortgage or other lien on the real property covered by this listing agreement.

✳ D) Any provisions contained in this listing agreement to the contrary notwithstanding, no commission shall be due and payable pursuant to this listing agreement, nor shall any termination fee be paid if the real property covered by the listing agreement is sold to Eduardo Lopez and Iris Portal or to any person or entity holding a mortgage or other lien on the property.

Dated: 9/15/15

_____
Soneet R. Kapila, Chapter 7 Trustee

Dated: 9/25/15

_____
Maria Vasile, Broker

✳ Item (D) Exception:
In the event Broker procures a buyer for the subject property and the aforementioned parties subsequently purchase the property, Broker shall be paid commission based upon the purchase price of contract offer made by the Broker's buyer(s) not the higher purchase offer made by the Debtors.

Exhibit "C"