UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                         Case No. 14-36783-BKC-RAM

EDUARDO LOPEZ and IRIS PORTAL,                 Chapter 7

     Debtors.
_____/

### TRUSTEE'S MOTION TO (A) APPROVE SALE OF REAL PROPERTY, FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; (B) AUTHORIZE TRUSTEE TO ENTER INTO CONTRACT FOR SALE OF REAL PROPERTY; AND (C) APPROVE <u>PAYMENT OF COMMISSION TO BROKER FROM CLOSING PROCEEDS</u>

Chapter 7 Trustee, Soneet R. Kapila (the "Trustee"), by undersigned counsel, pursuant to 11 U.S.C. §§ 105, 363(b) and (f) and Fed. R. Bankr. P. 6004, requests the Court enter an order: (a) approving the sale of certain real property described below, free and clear of liens, claims and encumbrances; (b) authorizing the Trustee to enter into a contract for the sale of real property; and (c) approving the payment of commission to the Trustee's real estate broker from the closing proceeds, and in support thereof states as follows:

1.     This case was commenced by the filing of a voluntary Chapter 7 petition by Eduardo Lopez and Iris Portal (the "Debtors") on December 8, 2014 (the "Petition Date"). Soneet R. Kapila was appointed interim trustee and became permanent trustee by operation of law.

2.     As of the Petition Date, the Debtors owned an undivided 100% interest in the real property located at 5936 W 18 Ct # 3, Hialeah, FL 33012 and having a legal description of:

> Unit No. B-3-3, of El Sevillano Townhomes Condominium, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 12409, Page 138, of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto as set forth in the Declaration (the "Property").

3.     The Debtors' interest in the Property was not claimed as exempt on the Debtors' Schedule "C" [ECF No. 1].

4.     On November 10, 2015, the Trustee filed the Chapter 7 Trustee's Application To

_____

Leiderman Shelomith Alexander + Somodevilla, PLLC, Attorneys
2699 Stirling Road, Suite C401, Ft. Lauderdale, FL 33312 · Tel. (954) 920-5355 · Fax (954) 920-5371

Employ Real Estate Broker And Enter Into Listing Agreements (the "Application") [ECF No. 44], whereby the Trustee requested the Court's approval of the employment of Maria Vasile and Maria Vasile, P.A. (the "Real Estate Broker") as real estate broker for the Trustee, in order to market and sell the Property.  The Application was approved on December 15, 2015 [ECF No. 47].

5.       Upon the advice of the Real Estate Broker, and using his business judgment, the Trustee and the Real Estate Broker listed the Property for sale in the amount of $150,000.00.

6.       The Property is encumbered by a first mortgage in favor of JPMorgan Chase Bank, N.A. ("Chase").  According to Chase's Motion for *In Rem* Relief from Automatic Stay [ECF No. 65], the total pre-petition indebtedness amount due was $106,139.82 and the total post-petition amount due (as of April 28, 2016) was $1,661.13.

7.       In addition, upon information and belief, the Debtors owe the condominium association where the Property is situated, El Sevillano Townhomes Condominium Association, Inc. (the "Association") approximately $600.00.

8.       The Debtors also owe the City of Hialeah the amount of $277.78 for unpaid water, sewer & solid waste services.  These amounts will be paid in full at closing, to the City of Hialeah, or if a third party advances the sum needed to satisfy this obligation, such third party will be reimbursed at the closing of the proposed sale.

9.       Furthermore, there may be additional ancillary charges that must be repaid, such as locksmith services ($150.00) and other City of Hialeah charges (approximately $150.00), which will be paid or reimbursed at closing.  However, such additional ancillary charges are not expected to exceed $500.00 in total.

10.     A title search of the Property also revealed possible Notices of Federal Tax Lien(s) against the Property.  However, upon further investigation, these tax liens relate to another individual with the same name as the Debtor, and they do not relate to the Debtor.  In an abundance of caution, the Trustee is providing service of this Motion and the Notice of Hearing

_____

Leiderman Shelomith Alexander + Somodevilla, PLLC, Attorneys
2699 Stirling Road, Suite C401, Ft. Lauderdale, FL 33312 · Tel. (954) 920-5355 · Fax (954) 920-5371

to the Internal Revenue Service.

11.     All real estate taxes due through the date of this Motion have been paid.

12.     The Debtors did not schedule any other secured claims against the Property on their Schedule "D" [ECF No. 1] and the Trustee does not believe that there are any other mortgages, liens or encumbrances against the Property, other than as provided above.

### The Proposed Sale of the Property

13.     Since the approval of her employment, the Real Estate Broker has acted efficiently and expeditiously in attempting to market and sell the Property. The Real Estate Broker has shown the Property to various interested purchasers and has received an offer to purchase the Property from Alicia Isabel Diaz (the "Purchaser"), in the amount of $158,900.00, which is higher than the list price of the Property. The Purchaser is not an insider of the Debtors and is not related to and does not have any connection with the Trustee or the Real Estate Broker.

14.     This is the highest and best offer that the Real Estate Broker has received, and in his professional experience selling real property in Miami-Dade County, Florida, the offer is well in line with current market prices for similar properties in the area.

15.     The Trustee, the Real Estate Broker, and the Purchaser have agreed to the terms contained in the "As Is" Residential Contract for Purchase and Sale (the "Contract") attached hereto as Exhibit "A".

16.     The Trustee has accepted the Contract, subject to Bankruptcy Court approval, which contains the following material terms:

a.      The purchase price is $158,900.00 (the "Purchase Price"), with an initial deposit due in the amount of $4,000.00.

b.      Purchaser will pay cash for the purchase of the Property at closing and there is no financing contingency to the Purchaser's obligation to close.

c.      The sale of the Property is "as is, where is", meaning that the Trustee makes no

_____

Leiderman Shelomith Alexander + Somodevilla, PLLC, Attorneys
2699 Stirling Road, Suite C401, Ft. Lauderdale, FL 33312 · Tel. (954) 920-5355 · Fax (954) 920-5371

representations or warranties of any nature whatsoever as to the use or the state of title of the Property, notwithstanding anything to the contrary in the Contract.

      d.      The closing date of the sale is 10 days after Bankruptcy Court approval.

      e.      The sale of the Property shall be free and clear of all liens, claims and encumbrances.

      17.      The Real Estate Broker will be paid a commission at closing from the proceeds of the sale in the amount of $9,534.00, to be shared with any Cooperating Broker(s), as per the Application and the Contract.  In conjunction with the approval of the Contract, the Trustee seeks approval to compensate the Real Estate Broker and any Cooperating Broker(s), pursuant to the terms of the Contract.  The Trustee believes that the Real Estate Broker is disinterested and represents no interest adverse to the estate, as set forth in the Real Estate Broker's Affidavit, which is attached to the Application.

### Relief Requested

      18.      The Trustee requests that the Court approve the sale of the Property to the Purchaser, pursuant to 11 U.S.C. § 363(f), free and clear of any and all liens, claims and encumbrances, upon the terms set forth above.

      19.      11 U.S.C. § 363(b) provides that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

      20.      Additionally, 11 U.S.C. § 363(f) permits the Trustee to "…sell property under subsection (b) … of this section free and clear of any interest in such property of an entity other than the estate, only if –

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest".

_____

Leiderman Shelomith Alexander + Somodevilla, PLLC, Attorneys
2699 Stirling Road, Suite C401, Ft. Lauderdale, FL 33312 · Tel. (954) 920-5355 · Fax (954) 920-5371

21.     The price at which the Property is to be sold is greater than the aggregate value of all liens on the Property, thereby satisfying 11 U.S.C. § 362(f)(3).

22.     Furthermore, with respect to any other potential interest(s), such interest(s) would be the subject of a bona fide dispute, thereby satisfying 11 U.S.C. § 363(f)(4).

23.     For all of the above reasons, the Court should authorize the sale of the Property, free and clear of any and all liens, claims and encumbrances.

24.     The Trustee proposes that at closing, after payment of normal and customary closing costs, including without limitation, payment in full to Chase and the Association and payment of the Real Estate Broker's and Cooperating Broker's fee(s), title fee(s) and payment of taxes, if any, as well as the additional costs identified above, the net proceeds of the sale of the Property will be distributed to the Trustee, for the benefit of the bankruptcy estate.

25.     The Trustee requests that at closing, the Purchaser is deemed to be a good faith purchaser within the meaning of 11 U.S.C. § 363(m), provided that the Purchaser has complied with all of the requirements of the Contract.

26.     If there is a conflict between the terms of this Motion or the terms of the Contract, then the terms of this Motion shall control.

27.     Should the Trustee receive any higher or better offers prior to the hearing on this Motion, the Trustee will seek the approval of bid procedures at the hearing on this Motion, where competing bids can then be made.

28.     The Trustee, exercising his business judgment, believes that the sale of the Property to the Purchaser is in the best interest of the bankruptcy estate.

29.     In addition, the Trustee requests that the Court waive the stay period under Fed. R. Bank. P. 6004(h), so that the parties can any scheduled closing date(s).

WHEREFORE, the Trustee respectfully requests the Court enter an Order: (a) approving the sale of the Property, as described above, free and clear of liens, claims and encumbrances; (b) authorizing the Trustee to enter into the Contract for the sale of the Property; (c) approving

_____

Leiderman Shelomith Alexander + Somodevilla, PLLC, Attorneys
2699 Stirling Road, Suite C401, Ft. Lauderdale, FL 33312 · Tel. (954) 920-5355 · Fax (954) 920-5371

the payment of commission to the Trustee's Real Estate Broker and any Cooperating Broker(s)

from the closing proceeds; (d) granting such other and further relief as the Court deems just and

proper.

Dated:  June 6, 2016                      LEIDERMAN SHELOMITH ALEXANDER +
                                          SOMODEVILLA, PLLC
                                          Attorneys for Soneet R. Kapila
                                          2699 Stirling Road, Suite C401
                                          Ft. Lauderdale, Florida 33312
                                          Telephone: (954) 920-5355
                                          Facsimile: (954) 920-5371

                                          By:_____/s/_____
                                              ZACH B. SHELOMITH
                                              Florida Bar No. 0122548
                                              zbs@lsaslaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served on June 6, 2016 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference), and via U.S. Mail to all parties on the attached Manual Notice List and the attached creditor matrix.

                                          By:_____/s/_____
                                              Zach B. Shelomith

_____

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

El Sevillano Townhomes Condominium Association, Inc.
c/o Victor Lantigua, President
2083 W 76 St
Hialeah, FL 33016
(also via certified mail to this address)

Internal Revenue Service
POB 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
51 SW 1 Ave
Miami, FL 33130-1608

Internal Revenue Service
Special Procedures - Insolvency
7850 SW 6 Ct Stop 5730
Plantation, FL 33324-2032

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7317
Philadelphia, PA 19101-7317

Loretta E. Lynch
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
(also via certified mail to this address)

Wifredo A. Ferrer
United States Attorney - Southern District of Florida
c/o Civil Process Clerk
99 NE 4 St
Miami, FL 33132
(also via certified mail to this address)

_____

# "AS IS" Residential Contract For Sale And Purchase

**THIS FORM HAS BEEN APPROVED BY THE FLORIDA REALTORS AND THE FLORIDA BAR**



Soneet R. Kapila, as Chapter 7 Trustee for Eduardo Lopez and Iris Portal

1* **PARTIES:** _____ ~~EDUARDO LOPEZ, IRIS LOPEZ~~ _____ ("Seller"),
2* and _____ **ALICIA ISABEL DIAZ** _____ ("Buyer"),
3  agree that Seller shall sell and Buyer shall buy the following described Real Property and Personal Property
4  (collectively "Property") pursuant to the terms and conditions of this AS IS Residential Contract For Sale And
5  Purchase and any riders and addenda ("Contract"):
6  1. **PROPERTY DESCRIPTION:**
7*    (a) Street address, city, zip: _____ **5936 W 18Th CT 3-3** _____ **HIALEAH,** ____ **33012**
8*    (b) Property is located in: **MIAMI – DADE** _____ County, Florida. Real Property Tax ID No.: **04- 20- 35- 102- 0210**
9*    (c) Real Property: The legal description is: **EL SEVILLANO TOWNHOMES CONDO UNIT 3 BLDG 3 UNDIV 1/56**
10   **INT IN COMMON ELEMENTS OFF REC 12409-138 OR 21104-3612 02 2003 1**
11
12   together with all existing improvements and fixtures, including built-in appliances, built-in furnishings and
13   attached wall-to-wall carpeting and flooring ("Real Property") unless specifically excluded in Paragraph 1(e) or
14   by other terms of this Contract.
15   (d) Personal Property: Unless excluded in Paragraph 1(e) or by other terms of this Contract, the following items
16   which are owned by Seller and existing on the Property as of the date of the initial offer are included in the
17   purchase: range(s)/oven(s), refrigerator(s), dishwasher(s), disposal, ceiling fan(s), intercom, light fixture(s),
18   drapery rods and draperies, blinds, window treatments, smoke detector(s), garage door opener(s), security
19   gate and other access devices, and storm shutters/panels ("Personal Property").
20*  Other Personal Property items included in this purchase are: _____
21   _____
22   Personal Property is included in the Purchase Price, has no contributory value, and shall be left for the Buyer.
23*  (e) The following items are excluded from the purchase: _____
24   _____

25                        **PURCHASE PRICE AND CLOSING**

26* 2. **PURCHASE PRICE** (U.S. currency): . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ____ **158,900.00**
27*    (a) Initial deposit to be held in escrow in the amount of (**checks subject to COLLECTION**) . . $ ____ **4,000.00**
28       The initial deposit made payable and delivered to "Escrow Agent" named below
29*      (**CHECK ONE**): (i)☐ accompanies offer or (ii)☒ is to be made within ____ (if left
30       blank, then 3) days after Effective Date. IF NEITHER BOX IS CHECKED, THEN
31       OPTION (ii) SHALL BE DEEMED SELECTED.
32*      Escrow Agent Information: Name: **Law Offices of Tony Pornprinya PA**
33*      Address: **1555 NE 123 Street** _____
34*      Phone: **(305)893-8989** E-mail: _____ Fax: _____
35*    (b) Additional deposit to be delivered to Escrow Agent within _____ (if left blank, then 10)
36*      days after Effective Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
37       (All deposits paid or agreed to be paid, are collectively referred to as the "Deposit")
38*    (c) Financing: Express as a dollar amount or percentage ("Loan Amount") see Paragraph 8. . . _____ **0**
39*    (d) Other: _____ . . . . . . . . $ _____
40    (e) Balance to close (not including Buyer's closing costs, prepaids and prorations) by wire
41*      transfer or other **COLLECTED** funds . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ____ **balance**
42       NOTE: For the definition of "COLLECTION" or "COLLECTED" see STANDARDS.
43  3. **TIME FOR ACCEPTANCE OF OFFER AND COUNTER-OFFERS; EFFECTIVE DATE:**
44*    (a) If not signed by Buyer and Seller, and an executed copy delivered to all parties on or before
45*      _____ , this offer shall be deemed withdrawn and the Deposit, if any, shall be returned
46       to Buyer. Unless otherwise stated, time for acceptance of any counter-offers shall be within 2 days after the
47       day the counter-offer is delivered.
48    (b) The effective date of this Contract shall be the date when the last one of the Buyer and Seller has signed or
49       initialed and delivered this offer or final counter-offer ("Effective Date").
50  4. **CLOSING DATE:** Unless modified by other provisions of this Contract, the closing of this transaction shall occur
51   and the closing documents required to be furnished by each party pursuant to this Contract shall be delivered
52*  ("Closing") on ____ **40 d of 3rd party** ____ ("Closing Date"), at the time established by the Closing Agent.

Buyer's Initials ___ **AD** ___ 

04/14/2016
09:24 PM EDT

Page 1 of 12

Seller's Initials ___

FloridaRealtors/FloridaBar-ASIS-4x  Rev. 2/18 © 2015 Florida Realtors® and The Florida Bar. All rights reserved.
WEICHERT, REALTORS - NuStar Associates, 13055 SW 42 St. Ste. 107 Miami, FL 33175          Phone: 786-487-3404     Fax: 305-228-9041          5936 W 18Th CT
Mercedes Pornspita          Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

Exhibit "A"

53  **5.  EXTENSION OF CLOSING DATE:**
54      (a) If Paragraph 8(b) is checked and Closing funds from Buyer's lender(s) are not available on Closing Date due
55          to Consumer Financial Protection Bureau Closing Disclosure delivery requirements ("CFPB Requirements"),
56          then Closing Date shall be extended for such period necessary to satisfy CFPB Requirements, provided such
57          period shall not exceed 10 days.
58      (b) If extreme weather or other condition or event constituting "Force Majeure" (see STANDARD G) causes: (i)
59          disruption of utilities or other services essential for Closing or (ii) Hazard, Wind, Flood or Homeowners'
60          insurance, to become unavailable prior to Closing, Closing shall be extended a reasonable time up to 3 days
61          after restoration of utilities and other services essential to Closing and availability of applicable Hazard, Wind,
62          Flood or Homeowners' insurance. If restoration of such utilities or services and availability of insurance has
63*         not occurred within _____ (if left blank, then 14) days after Closing Date, then either party may terminate
64          this Contract by delivering written notice to the other party, and Buyer shall be refunded the Deposit, thereby
65          releasing Buyer and Seller from all further obligations under this Contract.
66  **6.  OCCUPANCY AND POSSESSION:**
67      (a) Unless the box in Paragraph 6(b) is checked, Seller shall, at Closing, deliver occupancy and possession of
68          the Property to Buyer free of tenants, occupants and future tenancies. Also, at Closing, Seller shall have
69          removed all personal items and trash from the Property and shall deliver all keys, garage door openers,
70          access devices and codes, as applicable, to Buyer. If occupancy is to be delivered before Closing, Buyer
71          assumes all risks of loss to the Property from date of occupancy, shall be responsible and liable for
72          maintenance from that date, and shall be deemed to have accepted the Property in its existing condition as of
73          time of taking occupancy.
74*     (b) ☐ **CHECK IF PROPERTY IS SUBJECT TO LEASE(S) OR OCCUPANCY AFTER CLOSING.** If Property is
75          subject to a lease(s) after Closing or is intended to be rented or occupied by third parties beyond Closing, the
76          facts and terms thereof shall be disclosed in writing by Seller to Buyer and copies of the written lease(s) shall
77          be delivered to Buyer, all within 5 days after Effective Date. If Buyer determines, in Buyer's sole discretion,
78          that the lease(s) or terms of occupancy are not acceptable to Buyer, Buyer may terminate this Contract by
79          delivery of written notice of such election to Seller within 5 days after receipt of the above items from Seller,
80          and Buyer shall be refunded the Deposit thereby releasing Buyer and Seller from all further obligations under
81          this Contract. Estoppel Letter(s) and Seller's affidavit shall be provided pursuant to STANDARD D. If Property
82          is intended to be occupied by Seller after Closing, see Rider U. POST-CLOSING OCCUPANCY BY SELLER.
83*  **7.  ASSIGNABILITY: (CHECK ONE)** Buyer ☐ may assign and thereby be released from any further liability under
84*     this Contract; ☐ may assign but not be released from liability under this Contract; or ☒ may not assign this
85      Contract.

86                                                  **FINANCING**
87  **8.  FINANCING:**
88*     ☒ (a) Buyer will pay cash for the purchase of the Property at Closing. There is no financing contingency to
89          Buyer's obligation to close. If Buyer obtains a loan for any part of the Purchase Price of the Property, Buyer
90          acknowledges that any terms and conditions imposed by Buyer's lender(s) or by CFPB Requirements shall not
91          affect or extend the Buyer's obligation to close or otherwise affect any terms or conditions of this Contract.
92*         ☐ (b) This Contract is contingent upon Buyer obtaining a written loan commitment for a ☐ conventional  ☐ FHA
93*         ☐ VA or ☐ other _____ (describe) loan on the following terms within _____ (if left blank, then 45)
94*         days after Effective Date ("Loan Commitment Date") for **(CHECK ONE):** ☐ fixed, ☐ adjustable, ☐ fixed or
95*         adjustable rate loan in the Loan Amount (See Paragraph 2(c)), at an initial interest rate not to exceed _____%
96*         (if left blank, then prevailing rate based upon Buyer's creditworthiness), and for a term of _____ (if left blank,
97          then 30) years ("Financing").

98*         Buyer shall make mortgage loan application for the Financing within _____ (if left blank, then 5) days after
99          Effective Date and use good faith and diligent effort to obtain a written loan commitment for the Financing ("Loan
100         Commitment") and thereafter to close this Contract. Buyer shall keep Seller and Broker fully informed about the
101         status of mortgage loan application and Loan Commitment and authorizes Buyer's mortgage broker and Buyer's
102         lender to disclose such status and progress to Seller and Broker.
103
104         Upon Buyer's receipt of Loan Commitment, Buyer shall provide written notice of same to Seller. If Buyer does not
105         receive Loan Commitment by Loan Commitment Date, then thereafter either party may cancel this Contract up to
106         **the earlier of:**

---

Buyer's Initials _AD_ _____

04/07/2016
12:59 PM EDT

Page 2 of 12

Seller's Initials _____ _____

Exhibit "A"

107  (i.) Buyer's delivery of written notice to Seller that Buyer has either received Loan Commitment or elected
108      to waive the financing contingency of this Contract; or
109  (ii.) 7 days prior to the Closing Date specified in Paragraph 4, which date, for purposes of this Paragraph
110      8(b) (ii), shall not be modified by Paragraph 5(a).
111  If either party timely cancels this Contract pursuant to this Paragraph 8 and Buyer is not in default under the terms
112  of this Contract, Buyer shall be refunded the Deposit thereby releasing Buyer and Seller from all further
113  obligations under this Contract. If neither party has timely canceled this Contract pursuant to this Paragraph 8,
114  then this financing contingency shall be deemed waived by Buyer.

115  If Buyer delivers written notice of receipt of Loan Commitment to Seller and this Contract does not thereafter
116  close, the Deposit shall be paid to Seller unless failure to close is due to: (1) Seller's default; (2) Property related
117  conditions of the Loan Commitment have not been met (except when such conditions are waived by other
118  provisions of this Contract); (3) appraisal of the Property obtained by Buyer's lender is insufficient to meet terms
119  of the Loan Commitment; or (4) the loan is not funded due to financial failure of Buyer's lender, in which event(s)
120  the Deposit shall be returned to Buyer, thereby releasing Buyer and Seller from all further obligations under this
121  Contract.
122*  ☐ (c) Assumption of existing mortgage (see rider for terms).
123*  ☐ (d) Purchase money note and mortgage to Seller (see riders; addenda; or special clauses for terms).

124  **CLOSING COSTS, FEES AND CHARGES**

125 9.  **CLOSING COSTS; TITLE INSURANCE; SURVEY; HOME WARRANTY; SPECIAL ASSESSMENTS:**
126  (a) **COSTS TO BE PAID BY SELLER:**
127  • Documentary stamp taxes and surtax on deed, if any          • HOA/Condominium Association estoppel fees
128  • Owner's Policy and Charges (if Paragraph 9(c) (i) is checked)  • Recording and other fees needed to cure title
129  • Title search charges (if Paragraph 9(c) (iii) is checked)     • Seller's attorneys' fees
130*  • Municipal lien search (if Paragraph 9(c) (i) or (iii) is checked) • Other: _____
131      If, prior to Closing, Seller is unable to meet the AS IS Maintenance Requirement as required by Paragraph 11
132      a sum equal to 125% of estimated costs to meet the AS IS Maintenance Requirement shall be escrowed at
133      Closing. If actual costs to meet the AS IS Maintenance Requirement exceed escrowed amount, Seller shall
134      pay such actual costs. Any unused portion of escrowed amount(s) shall be returned to Seller.
135  (b) **COSTS TO BE PAID BY BUYER:**
136  • Taxes and recording fees on notes and mortgages            • Loan expenses
137  • Recording fees for deed and financing statements           • Appraisal fees
138  • Owner's Policy and Charges (if Paragraph 9(c)(ii) is checked) • Buyer's Inspections —
139  • Survey (and elevation certification, if required)          • Buyer's attorneys' fees
140  • Lender's title policy and endorsements                     • All property related insurance
141  • HOA/Condominium Association application/transfer fees       • Owner's Policy Premium (if Paragraph
142  • Municipal lien search (if Paragraph 9(c) (ii) is checked)       9 (c) (iii) is checked.)
143*  • Other: _____
144*  (c) **TITLE EVIDENCE AND INSURANCE:** At least _____ (if left blank, then 15, or if Paragraph 8(a) is checked,
145      then 5) days prior to Closing Date ("Title Evidence Deadline"), a title insurance commitment issued by a
146      Florida licensed title insurer, with legible copies of instruments listed as exceptions attached thereto ("Title
147      Commitment") and, after Closing, an owner's policy of title insurance (see STANDARD A for terms) shall be
148      obtained and delivered to Buyer. If Seller has an owner's policy of title insurance covering the Real Property,
149      a copy shall be furnished to Buyer and Closing Agent within 5 days after Effective Date. The owner's title
150      policy premium, title search and closing services (collectively, "Owner's Policy and Charges") shall be paid, as
151      set forth below. The title insurance premium charges for the owner's policy and any lender's policy will be
152      calculated and allocated in accordance with Florida law, but may be reported differently on certain federally
153      mandated closing disclosures and other closing documents.
154      **(CHECK ONE):**
155*      ☐ (i) Seller shall designate Closing Agent and pay for Owner's Policy and Charges, and Buyer shall pay the
156          premium for Buyer's lender's policy and charges for closing services related to the lender's policy,
157          endorsements and loan closing, which amounts shall be paid by Buyer to Closing Agent or such other
158          provider(s) as Buyer may select; or
159*      ☐ (ii) Buyer will designate Closing Agent and pay for Owner's Policy and Charges and charges for closing
160          services related to Buyer's lender's policy, endorsements, and loan closing; or
161*      ☒ (iii) **[MIAMI-DADE/BROWARD REGIONAL PROVISION]:** Seller will furnish a copy of a prior owner's
162          policy of title insurance or other evidence of title and pay fees for: (A) a continuation or update of such title

FloridaRealtors/FloridaBar-ASIS-4x   Rev. 2/16 © 2015 Florida Realtors® and The Florida Bar.  All rights reserved.
Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com      5936 W 18Th CT

Exhibit "A"

163 evidence, which is acceptable to Buyer's title insurance underwriter for reissue of coverage; (B) tax search;
164 and (C) municipal lien search. Buyer shall obtain and pay for post-Closing continuation and premium for
165 Buyer's owner's policy, and if applicable, Buyer's lender's policy. Seller shall not be obligated to pay more
166* than $ _____ (if left blank, then $200.00) for abstract continuation or title search ordered or
167 performed by Closing Agent.
168 (d) **SURVEY:** On or before Title Evidence Deadline, Buyer may, at Buyer's expense, have the Real Property
169 surveyed and certified by a registered Florida surveyor ("Survey"). If Seller has a survey covering the Real
170 Property, a copy shall be furnished to Buyer and Closing Agent within 5 days after Effective Date.
171* (e) **HOME WARRANTY:** At Closing, ☐ Buyer ☐ Seller ☒ N/A shall pay for a home warranty plan issued by
172* _____ at a cost not to exceed $ _____ . A home
173 warranty plan provides for repair or replacement of many of a home's mechanical systems and major built-in
174 appliances in the event of breakdown due to normal wear and tear during the agreement's warranty period.
175 (f) **SPECIAL ASSESSMENTS:** At Closing, Seller will pay: (i) the full amount of liens imposed by a public body
176 ("public body" does not include a Condominium or Homeowner's Association) that are certified, confirmed and
177 ratified before Closing; and (ii) the amount of the public body's most recent estimate or assessment for an
178 improvement which is substantially complete as of Effective Date, but that has not resulted in a lien being
179 imposed on the Property before Closing. Buyer shall pay all other assessments. If special assessments may
180 be paid in installments (**CHECK ONE**):
181* ☐ (a) Seller shall pay installments due prior to Closing and Buyer shall pay installments due after Closing.
182 Installments prepaid or due for the year of Closing shall be prorated.
183* ☒ (b) Seller shall pay the assessment(s) in full prior to or at the time of Closing.
184 IF NEITHER BOX IS CHECKED, THEN OPTION (a) SHALL BE DEEMED SELECTED.
185 This Paragraph 9(f) shall not apply to a special benefit tax lien imposed by a community development district
186 (CDD) pursuant to Chapter 190, F.S., which lien shall be prorated pursuant to STANDARD K.

187 **DISCLOSURES**

188 **10. DISCLOSURES:**
189 (a) **RADON GAS:** Radon is a naturally occurring radioactive gas that, when it is accumulated in a building in
190 sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that
191 exceed federal and state guidelines have been found in buildings in Florida. Additional information regarding
192 radon and radon testing may be obtained from your county health department.
193 (b) **PERMITS DISCLOSURE:** Except as may have been disclosed by Seller to Buyer in a written disclosure,
194 Seller does not know of any improvements made to the Property which were made without required permits
195 or made pursuant to permits which have not been properly closed.
196 (c) **MOLD:** Mold is naturally occurring and may cause health risks or damage to property. If Buyer is concerned
197 or desires additional information regarding mold, Buyer should contact an appropriate professional.
198 (d) **FLOOD ZONE; ELEVATION CERTIFICATION:** Buyer is advised to verify by elevation certificate which flood
199 zone the Property is in, whether flood insurance is required by Buyer's lender, and what restrictions apply to
200 improving the Property and rebuilding in the event of casualty. If Property is in a "Special Flood Hazard Area"
201 or "Coastal Barrier Resources Act" designated area or otherwise protected area identified by the U.S. Fish
202 and Wildlife Service under the Coastal Barrier Resources Act and the lowest floor elevation for the building(s)
203 and /or flood insurance rating purposes is below minimum flood elevation or is ineligible for flood insurance
204 coverage through the National Flood Insurance Program or private flood insurance as defined in 42 U.S.C.
205* §4012a, Buyer may terminate this Contract by delivering written notice to Seller within _____ (if left blank,
206 then 20) days after Effective Date, and Buyer shall be refunded the Deposit thereby releasing Buyer and
207 Seller from all further obligations under this Contract, failing which Buyer accepts existing elevation of
208 buildings and flood zone designation of Property. The National Flood Insurance Program may assess
209 additional fees or adjust premiums for pre-Flood Insurance Rate Map (pre-FIRM) non-primary structures
210 (residential structures in which the insured or spouse does not reside for at least 50% of the year) and an
211 elevation certificate may be required for actuarial rating.
212 (e) **ENERGY BROCHURE:** Buyer acknowledges receipt of Florida Energy-Efficiency Rating Information
213 Brochure required by Section 553.996, F.S.
214 (f) **LEAD-BASED PAINT:** If Property includes pre-1978 residential housing, a lead-based paint disclosure is
215 mandatory.
216 (g) **HOMEOWNERS' ASSOCIATION/COMMUNITY DISCLOSURE: BUYER SHOULD NOT EXECUTE THIS**
217 **CONTRACT UNTIL BUYER HAS RECEIVED AND READ THE HOMEOWNERS'**
218 **ASSOCIATION/COMMUNITY DISCLOSURE, IF APPLICABLE.**

Buyer's Initials _AB_     04/07/2016
                         12:59 PM EDT          Page 4 of 12          Seller's Initials _____ _____

FloridaRealtors/FloridaBar-ASIS-4x    Rev. 2/16 © 2015 Florida Realtors® and The Florida Bar.  All rights reserved.
Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

5936 W 18Th CT

Exhibit "A"

(h) **PROPERTY TAX DISCLOSURE SUMMARY:** BUYER SHOULD NOT RELY ON THE SELLER'S CURRENT PROPERTY TAXES AS THE AMOUNT OF PROPERTY TAXES THAT THE BUYER MAY BE OBLIGATED TO PAY IN THE YEAR SUBSEQUENT TO PURCHASE. A CHANGE OF OWNERSHIP OR PROPERTY IMPROVEMENTS TRIGGERS REASSESSMENTS OF THE PROPERTY THAT COULD RESULT IN HIGHER PROPERTY TAXES. IF YOU HAVE ANY QUESTIONS CONCERNING VALUATION, CONTACT THE COUNTY PROPERTY APPRAISER'S OFFICE FOR INFORMATION.

(i) **FIRPTA TAX WITHHOLDING:** Seller shall inform Buyer in writing if Seller is a "foreign person" as defined by the Foreign Investment in Real Property Tax Act ("FIRPTA"). Buyer and Seller shall comply with FIRPTA, which may require Seller to provide additional cash at Closing. If Seller is not a "foreign person", Seller can provide Buyer, at or prior to Closing, a certification of non-foreign status, under penalties of perjury, to inform Buyer and Closing Agent that no withholding is required. See STANDARD V for further information pertaining to FIRPTA. Buyer and Seller are advised to seek legal counsel and tax advice regarding their respective rights, obligations, reporting and withholding requirements pursuant to FIRPTA.

(j) **SELLER DISCLOSURE:** Seller knows of no facts materially affecting the value of the Real Property which are not readily observable and which have not been disclosed to Buyer. Except as provided for in the preceding sentence, Seller extends and intends no warranty and makes no representation of any type, either express or implied, as to the physical condition or history of the Property. Except as otherwise disclosed in writing Seller has received no written or verbal notice from any governmental entity or agency as to a currently uncorrected building, environmental or safety code violation.

## PROPERTY MAINTENANCE, CONDITION, INSPECTIONS AND EXAMINATIONS

**11. PROPERTY MAINTENANCE:** Except for ordinary wear and tear and Casualty Loss, Seller shall maintain the Property, including, but not limited to, lawn, shrubbery, and pool, in the condition existing as of Effective Date ("AS IS Maintenance Requirement").

**12. PROPERTY INSPECTION; RIGHT TO CANCEL:**

(a) *PROPERTY INSPECTIONS AND RIGHT TO CANCEL: Buyer shall have ____10____ (if left blank, then 15) days after Effective Date ("Inspection Period") within which to have such inspections of the Property performed as Buyer shall desire during the Inspection Period. If Buyer determines, in Buyer's sole discretion, that the Property is not acceptable to Buyer, Buyer may terminate this Contract by delivering written notice of such election to Seller prior to expiration of Inspection Period. If Buyer timely terminates this Contract, the Deposit paid shall be returned to Buyer, thereupon, Buyer and Seller shall be released of all further obligations under this Contract; however, Buyer shall be responsible for prompt payment for such inspections, for repair of damage to, and restoration of, the Property resulting from such inspections, and shall provide Seller with paid receipts for all work done on the Property (the preceding provision shall survive termination of this Contract). Unless Buyer exercises the right to terminate granted herein, Buyer accepts the physical condition of the Property and any violation of governmental, building, environmental, and safety codes, restrictions, or requirements, but subject to Seller's continuing AS IS Maintenance Requirement, and Buyer shall be responsible for any and all repairs and improvements required by Buyer's lender.*

(b) **WALK-THROUGH INSPECTION/RE-INSPECTION:** On the day prior to Closing Date, or on Closing Date prior to time of Closing, as specified by Buyer, Buyer or Buyer's representative may perform a walk-through (and follow-up walk-through, if necessary) inspection of the Property solely to confirm that all items of Personal Property are on the Property and to verify that Seller has maintained the Property as required by the AS IS Maintenance Requirement and has met all other contractual obligations.

(c) **SELLER ASSISTANCE AND COOPERATION IN CLOSE-OUT OF BUILDING PERMITS:** If Buyer's inspection of the Property identifies open or needed building permits, then Seller shall promptly deliver to Buyer all plans, written documentation or other information in Seller's possession, knowledge, or control relating to improvements to the Property which are the subject of such open or needed Permits, and shall promptly cooperate in good faith with Buyer's efforts to obtain estimates of repairs or other work necessary to resolve such Permit issues. Seller's obligation to cooperate shall include Seller's execution of necessary authorizations, consents, or other documents necessary for Buyer to conduct inspections and have estimates of such repairs or work prepared, but in fulfilling such obligation, Seller shall not be required to expend, or become obligated to expend, any money.

FloridaRealtors/FloridaBar-ASIS-4x   Rev. 2/16 © 2015 Florida Realtors® and The Florida Bar. All rights reserved.
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com
5936 W 18Th CT

Exhibit "A"

(d) **ASSIGNMENT OF REPAIR AND TREATMENT CONTRACTS AND WARRANTIES:** At Buyer's option and cost, Seller will, at Closing, assign all assignable repair, treatment and maintenance contracts and warranties to Buyer.

<strong>ESCROW AGENT AND BROKER</strong>

**13. ESCROW AGENT:** Any Closing Agent or Escrow Agent (collectively "Agent") receiving the Deposit, other funds and other items is authorized, and agrees by acceptance of them, to deposit them promptly, hold same in escrow within the State of Florida and, subject to **COLLECTION**, disburse them in accordance with terms and conditions of this Contract. Failure of funds to become **COLLECTED** shall not excuse Buyer's performance. When conflicting demands for the Deposit are received, or Agent has a good faith doubt as to entitlement to the Deposit, Agent may take such actions permitted by this Paragraph 13, as Agent deems advisable. If in doubt as to Agent's duties or liabilities under this Contract, Agent may, at Agent's option, continue to hold the subject matter of the escrow until the parties agree to its disbursement or until a final judgment of a court of competent jurisdiction shall determine the rights of the parties, or Agent may deposit same with the clerk of the circuit court having jurisdiction of the dispute. An attorney who represents a party and also acts as Agent may represent such party in such action. Upon notifying all parties concerned of such action, all liability on the part of Agent shall fully terminate, except to the extent of accounting for any items previously delivered out of escrow. If a licensed real estate broker, Agent will comply with provisions of Chapter 475, F.S., as amended and FREC rules to timely resolve escrow disputes through mediation, arbitration, interpleader or an escrow disbursement order.

Any proceeding between Buyer and Seller wherein Agent is made a party because of acting as Agent hereunder, or in any proceeding where Agent interpleads the subject matter of the escrow, Agent shall recover reasonable attorney's fees and costs incurred, to be paid pursuant to court order out of the escrowed funds or equivalent. Agent shall not be liable to any party or person for mis-delivery of any escrowed items, unless such mis-delivery is due to Agent's willful breach of this Contract or Agent's gross negligence. This Paragraph 13 shall survive Closing or termination of this Contract.

**14. PROFESSIONAL ADVICE; BROKER LIABILITY:** Broker advises Buyer and Seller to verify Property condition, square footage, and all other facts and representations made pursuant to this Contract and to consult appropriate professionals for legal, tax, environmental, and other specialized advice concerning matters affecting the Property and the transaction contemplated by this Contract. Broker represents to Buyer that Broker does not reside on the Property and that all representations (oral, written or otherwise) by Broker are based on Seller representations or public records. **BUYER AGREES TO RELY SOLELY ON SELLER, PROFESSIONAL INSPECTORS AND GOVERNMENTAL AGENCIES FOR VERIFICATION OF PROPERTY CONDITION, SQUARE FOOTAGE AND FACTS THAT MATERIALLY AFFECT PROPERTY VALUE AND NOT ON THE REPRESENTATIONS (ORAL, WRITTEN OR OTHERWISE) OF BROKER.** Buyer and Seller (individually, the "Indemnifying Party") each individually indemnifies, holds harmless, and releases Broker and Broker's officers, directors, agents and employees from all liability for loss or damage, including all costs and expenses, and reasonable attorney's fees at all levels, suffered or incurred by Broker and Broker's officers, directors, agents and employees in connection with or arising from claims, demands or causes of action instituted by Buyer or Seller based on: (i) inaccuracy of information provided by the Indemnifying Party or from public records; (ii) Indemnifying Party's misstatement(s) or failure to perform contractual obligations; (iii) Broker's performance, at Indemnifying Party's request, of any task beyond the scope of services regulated by Chapter 475, F.S., as amended, including Broker's referral, recommendation or retention of any vendor for, or on behalf of Indemnifying Party; (iv) products or services provided by any such vendor for, or on behalf of, Indemnifying Party; and (v) expenses incurred by any such vendor. Buyer and Seller each assumes full responsibility for selecting and compensating their respective vendors and paying their other costs under this Contract whether or not this transaction closes. This Paragraph 14 will not relieve Broker of statutory obligations under Chapter 475, F.S., as amended. For purposes of this Paragraph 14, Broker will be treated as a party to this Contract. This Paragraph 14 shall survive Closing or termination of this Contract.

<strong>DEFAULT AND DISPUTE RESOLUTION</strong>

**15. DEFAULT:**

(a) **BUYER DEFAULT:** If Buyer fails, neglects or refuses to perform Buyer's obligations under this Contract, including payment of the Deposit, within the time(s) specified, Seller may elect to recover and retain the Deposit for the account of Seller as agreed upon liquidated damages, consideration for execution of this Contract, and in full settlement of any claims, whereupon Buyer and Seller shall be relieved from all further obligations under this Contract, or Seller, at Seller's option, may, pursuant to Paragraph 16, proceed in equity to enforce Seller's rights under this Contract. The portion of the Deposit, if any, paid to Listing Broker upon

326 default by Buyer, shall be split equally between Listing Broker and Cooperating Broker; provided however,
327 Cooperating Broker's share shall not be greater than the commission amount Listing Broker had agreed to
328 pay to Cooperating Broker.

329 (b) **SELLER DEFAULT:** If for any reason other than failure of Seller to make Seller's title marketable after
330 reasonable diligent effort, Seller fails, neglects or refuses to perform Seller's obligations under this Contract,
331 Buyer may elect to receive return of Buyer's Deposit without thereby waiving any action for damages resulting
332 from Seller's breach, and, pursuant to Paragraph 16, may seek to recover such damages or seek specific
333 performance.

334 This Paragraph 15 shall survive Closing or termination of this Contract.

335 **16. DISPUTE RESOLUTION:** Unresolved controversies, claims and other matters in question between Buyer and
336 Seller arising out of, or relating to, this Contract or its breach, enforcement or interpretation ("Dispute") will be
337 settled as follows:

338 (a) Buyer and Seller will have 10 days after the date conflicting demands for the Deposit are made to attempt to
339 resolve such Dispute, failing which, Buyer and Seller shall submit such Dispute to mediation under Paragraph
340 16(b).

341 (b) Buyer and Seller shall attempt to settle Disputes in an amicable manner through mediation pursuant to Florida
342 Rules for Certified and Court-Appointed Mediators and Chapter 44, F.S., as amended (the "Mediation Rules").
343 The mediator must be certified or must have experience in the real estate industry. Injunctive relief may be
344 sought without first complying with this Paragraph 16(b). Disputes not settled pursuant to this Paragraph 16
345 may be resolved by instituting action in the appropriate court having jurisdiction of the matter. This Paragraph
346 16 shall survive Closing or termination of this Contract.

347 **17. ATTORNEY'S FEES; COSTS:** The parties will split equally any mediation fee incurred in any mediation permitted
348 by this Contract, and each party will pay their own costs, expenses and fees, including attorney's fees, incurred in
349 conducting the mediation. In any litigation permitted by this Contract, the prevailing party shall be entitled to
350 recover from the non-prevailing party costs and fees, including reasonable attorney's fees, incurred in conducting
351 the litigation. This Paragraph 17 shall survive Closing or termination of this Contract.

352 **STANDARDS FOR REAL ESTATE TRANSACTIONS ("STANDARDS")**

353 **18. STANDARDS:**

354 **A. TITLE:**

355 **(i) TITLE EVIDENCE; RESTRICTIONS; EASEMENTS; LIMITATIONS:** Within the time period provided in
356 Paragraph 9(c), the Title Commitment, with legible copies of instruments listed as exceptions attached thereto,
357 shall be issued and delivered to Buyer. The Title Commitment shall set forth those matters to be discharged by
358 Seller at or before Closing and shall provide that, upon recording of the deed to Buyer, an owner's policy of title
359 insurance in the amount of the Purchase Price, shall be issued to Buyer insuring Buyer's marketable title to the
360 Real Property, subject only to the following matters: (a) comprehensive land use plans, zoning, and other land
361 use restrictions, prohibitions and requirements imposed by governmental authority; (b) restrictions and matters
362 appearing on the Plat or otherwise common to the subdivision; (c) outstanding oil, gas and mineral rights of
363 record without right of entry; (d) unplatted public utility easements of record (located contiguous to real property
364 lines and not more than 10 feet in width as to rear or front lines and 7 1/2 feet in width as to side lines); (e) taxes
365 for year of Closing and subsequent years; and (f) assumed mortgages and purchase money mortgages, if any (if
366 additional items, attach addendum); provided, that, none prevent use of Property for **RESIDENTIAL PURPOSES.**
367 If there exists at Closing any violation of items identified in (b) – (f) above, then the same shall be deemed a title
368 defect. Marketable title shall be determined according to applicable Title Standards adopted by authority of The
369 Florida Bar and in accordance with law.

370 **(ii) TITLE EXAMINATION:** Buyer shall have 5 days after receipt of Title Commitment to examine it and notify
371 Seller in writing specifying defect(s), if any, that render title unmarketable. If Seller provides Title Commitment and
372 it is delivered to Buyer less than 5 days prior to Closing Date, Buyer may extend Closing for up to 5 days after
373 date of receipt to examine same in accordance with this STANDARD A. Seller shall have 30 days ("Cure Period")
374 after receipt of Buyer's notice to take reasonable diligent efforts to remove defects. If Buyer fails to so notify
375 Seller, Buyer shall be deemed to have accepted title as it then is. If Seller cures defects within Cure Period, Seller
376 will deliver written notice to Buyer (with proof of cure acceptable to Buyer and Buyer's attorney) and the parties
377 will close this Contract on Closing Date (or if Closing Date has passed, within 10 days after Buyer's receipt of
378 Seller's notice). If Seller is unable to cure defects within Cure Period, then Buyer may, within 5 days after
379 expiration of Cure Period, deliver written notice to Seller: (a) extending Cure Period for a specified period not to
380 exceed 120 days within which Seller shall continue to use reasonable diligent effort to remove or cure the defects
381 ("Extended Cure Period"); or (b) electing to accept title with existing defects and close this Contract on Closing

Buyer's Initials A̲D̲_____ 
04/07/2016
12:59 PM EDT
Page 7 of 12
Seller's Initials _____

FloridaRealtors/FloridaBar-ASIS-4x   Rev. 2/16 © 2015 Florida Realtors® and The Florida Bar.  All rights reserved.
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.ziplogix.com

5936 W 18Th CT

Exhibit "A"

**STANDARDS FOR REAL ESTATE TRANSACTIONS ("STANDARDS") CONTINUED**

382 Date (or if Closing Date has passed, within the earlier of 10 days after end of Extended Cure Period or Buyer's
383 receipt of Seller's notice), or (c) electing to terminate this Contract and receive a refund of the Deposit, thereby
384 releasing Buyer and Seller from all further obligations under this Contract. If after reasonable diligent effort, Seller
385 is unable to timely cure defects, and Buyer does not waive the defects, this Contract shall terminate, and Buyer
386 shall receive a refund of the Deposit, thereby releasing Buyer and Seller from all further obligations under this
387 Contract.
388 **B. SURVEY:** If Survey discloses encroachments on the Real Property or that improvements located thereon
389 encroach on setback lines, easements, or lands of others, or violate any restrictions, covenants, or applicable
390 governmental regulations described in STANDARD A (i)(a), (b) or (d) above, Buyer shall deliver written notice of
391 such matters, together with a copy of Survey, to Seller within 5 days after Buyer's receipt of Survey, but no later
392 than Closing. If Buyer timely delivers such notice and Survey to Seller, such matters identified in the notice and
393 Survey shall constitute a title defect, subject to cure obligations of STANDARD A above. If Seller has delivered a
394 prior survey, Seller shall, at Buyer's request, execute an affidavit of "no change" to the Real Property since the
395 preparation of such prior survey, to the extent the affirmations therein are true and correct.
396 **C. INGRESS AND EGRESS:** Seller represents that there is ingress and egress to the Real Property and title to
397 the Real Property is insurable in accordance with STANDARD A without exception for lack of legal right of
398 access.
399 **D. LEASE INFORMATION:** Seller shall, at least 10 days prior to Closing, furnish to Buyer estoppel letters from
400 tenant(s)/occupant(s) specifying nature and duration of occupancy, rental rates, advanced rent and security
401 deposits paid by tenant(s) or occupant(s)("Estoppel Letter(s)"). If Seller is unable to obtain such Estoppel Letter(s)
402 the same information shall be furnished by Seller to Buyer within that time period in the form of a Seller's affidavit
403 and Buyer may thereafter contact tenant(s) or occupant(s) to confirm such information. If Estoppel Letter(s) or
404 Seller's affidavit, if any, differ materially from Seller's representations and lease(s) provided pursuant to
405 Paragraph 6, or if tenant(s)/occupant(s) fail or refuse to confirm Seller's affidavit, Buyer may deliver written notice
406 to Seller within 5 days after receipt of such information, but no later than 5 days prior to Closing Date, terminating
407 this Contract and receive a refund of the Deposit, thereby releasing Buyer and Seller from all further obligations
408 under this Contract. Seller shall, at Closing, deliver and assign all leases to Buyer who shall assume Seller's
409 obligations thereunder.
410 **E. LIENS:** Seller shall furnish to Buyer at Closing an affidavit attesting (i) to the absence of any financing
411 statement, claims of lien or potential lienors known to Seller and (ii) that there have been no improvements or
412 repairs to the Real Property for 90 days immediately preceding Closing Date. If the Real Property has been
413 improved or repaired within that time, Seller shall deliver releases or waivers of construction liens executed by all
414 general contractors, subcontractors, suppliers and materialmen in addition to Seller's lien affidavit setting forth
415 names of all such general contractors, subcontractors, suppliers and materialmen, further affirming that all
416 charges for improvements or repairs which could serve as a basis for a construction lien or a claim for damages
417 have been paid or will be paid at Closing.
418 **F. TIME:** Calendar days shall be used in computing time periods. **Time is of the essence in this Contract.**
419 Other than time for acceptance and Effective Date as set forth in Paragraph 3, any time periods provided for or
420 dates specified in this Contract, whether preprinted, handwritten, typewritten or inserted herein, which shall end or
421 occur on a Saturday, Sunday, or a national legal holiday (see 5 U.S.C. 6103) shall extend to 5:00 p.m. (where the
422 Property is located) of the next business day.
423 **G. FORCE MAJEURE:** Buyer or Seller shall not be required to perform any obligation under this Contract or be
424 liable to each other for damages so long as performance or non-performance of the obligation is delayed, caused
425 or prevented by Force Majeure. "Force Majeure" means: hurricanes, earthquakes, floods, fire, acts of God,
426 unusual transportation delays, wars, insurrections, and acts of terrorism, and which, by exercise of reasonable
427 diligent effort, the non-performing party is unable in whole or in part to prevent or overcome. All time periods,
428 including Closing Date, will be extended for the period that the Force Majeure prevents performance under this
429 Contract, provided, however, if such Force Majeure continues to prevent performance under this Contract more
430 than 14 days beyond Closing Date, then either party may terminate this Contract by delivering written notice to
431 the other and the Deposit shall be refunded to Buyer, thereby releasing Buyer and Seller from all further
432 obligations under this Contract.
433 **H. CONVEYANCE:** Seller shall convey marketable title to the Real Property by statutory warranty, trustee's,
434 personal representative's, or guardian's deed, as appropriate to the status of Seller, subject only to matters
435 described in STANDARD A and those accepted by Buyer. Personal Property shall, at request of Buyer, be
436 transferred by absolute bill of sale with warranty of title, subject only to such matters as may be provided for in
437 this Contract.
438 **I. CLOSING LOCATION; DOCUMENTS; AND PROCEDURE:**

Buyer's Initials AB _____          Page 8 of 12          Seller's Initials _____

FloridaRealtors/FloridaBar-ASIS-4x   Rev. 2/16 © 2015 Florida Realtors® and The Florida Bar.  All rights reserved.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com          5936 W 18Th CT

Exhibit "A"

## STANDARDS FOR REAL ESTATE TRANSACTIONS ("STANDARDS") CONTINUED

(i) **LOCATION:** Closing will take place in the county where the Real Property is located at the office of the attorney or other closing agent ("Closing Agent") designated by the party paying for the owner's policy of title insurance, or, if no title insurance, designated by Seller. Closing may be conducted by mail or electronic means.

(ii) **CLOSING DOCUMENTS:** Seller shall at or prior to Closing, execute and deliver, as applicable, deed, bill of sale, certificate(s) of title or other documents necessary to transfer title to the Property, construction lien affidavit(s), owner's possession and no lien affidavit(s), and assignment(s) of leases. Seller shall provide Buyer with paid receipts for all work done on the Property pursuant to this Contract. Buyer shall furnish and pay for, as applicable the survey, flood elevation certification, and documents required by Buyer's lender.

(iii) **PROCEDURE:** The deed shall be recorded upon **COLLECTION** of all closing funds. If the Title Commitment provides insurance against adverse matters pursuant to Section 627.7841, F.S., as amended, the escrow closing procedure required by STANDARD J shall be waived, and Closing Agent shall, **subject to COLLECTION of all closing funds**, disburse at Closing the brokerage fees to Broker and the net sale proceeds to Seller.

**J. ESCROW CLOSING PROCEDURE:** If Title Commitment issued pursuant to Paragraph 9(c) does not provide for insurance against adverse matters as permitted under Section 627.7841, F.S., as amended, the following escrow and closing procedures shall apply: (1) all Closing proceeds shall be held in escrow by the Closing Agent for a period of not more than 10 days after Closing; (2) if Seller's title is rendered unmarketable, through no fault of Buyer, Buyer shall, within the 10 day period, notify Seller in writing of the defect and Seller shall have 30 days from date of receipt of such notification to cure the defect; (3) if Seller fails to timely cure the defect, the Deposit and all Closing funds paid by Buyer shall, within 5 days after written demand by Buyer, be refunded to Buyer and, simultaneously with such repayment, Buyer shall return the Personal Property, vacate the Real Property and re-convey the Property to Seller by special warranty deed and bill of sale; and (4) if Buyer fails to make timely demand for refund of the Deposit, Buyer shall take title as is, waiving all rights against Seller as to any intervening defect except as may be available to Buyer by virtue of warranties contained in the deed or bill of sale.

**K. PRORATIONS; CREDITS:** The following recurring items will be made current (if applicable) and prorated as of the day prior to Closing Date, or date of occupancy if occupancy occurs before Closing Date: real estate taxes (including special benefit tax assessments imposed by a CDD), interest, bonds, association fees, insurance, rents and other expenses of Property. Buyer shall have option of taking over existing policies of insurance, if assumable, in which event premiums shall be prorated. Cash at Closing shall be increased or decreased as may be required by prorations to be made through day prior to Closing. Advance rent and security deposits, if any, will be credited to Buyer. Escrow deposits held by Seller's mortgagee will be paid to Seller. Taxes shall be prorated based on current year's tax with due allowance made for maximum allowable discount, homestead and other exemptions. If Closing occurs on a date when current year's millage is not fixed but current year's assessment is available, taxes will be prorated based upon such assessment and prior year's millage. If current year's assessment is not available, then taxes will be prorated on prior year's tax. If there are completed improvements on the Real Property by January 1st of year of Closing, which improvements were not in existence on January 1st of prior year, then taxes shall be prorated based upon prior year's millage and at an equitable assessment to be agreed upon between the parties, failing which, request shall be made to the County Property Appraiser for an informal assessment taking into account available exemptions. A tax proration based on an estimate shall, at either party's request, be readjusted upon receipt of current year's tax bill. This STANDARD K shall survive Closing.

**L. ACCESS TO PROPERTY TO CONDUCT APPRAISALS, INSPECTIONS, AND WALK-THROUGH:** Seller shall, upon reasonable notice, provide utilities service and access to Property for appraisals and inspections, including a walk-through (or follow-up walk-through if necessary) prior to Closing.

**M. RISK OF LOSS:** If, after Effective Date, but before Closing, Property is damaged by fire or other casualty ("Casualty Loss") and cost of restoration (which shall include cost of pruning or removing damaged trees) does not exceed 1.5% of Purchase Price, cost of restoration shall be an obligation of Seller and Closing shall proceed pursuant to terms of this Contract. If restoration is not completed as of Closing, a sum equal to 125% of estimated cost to complete restoration (not to exceed 1.5% of Purchase Price), will be escrowed at Closing. If actual cost of restoration exceeds escrowed amount, Seller shall pay such actual costs (but, not in excess of 1.5% of Purchase Price). Any unused portion of escrowed amount shall be returned to Seller. If cost of restoration exceeds 1.5% of Purchase Price, Buyer shall elect to either take Property "as is" together with the 1.5%, or receive a refund of the Deposit, thereby releasing Buyer and Seller from all further obligations under this Contract. Seller's sole obligation with respect to tree damage by casualty or other natural occurrence shall be cost of pruning or removal.

**N. 1031 EXCHANGE:** If either Seller or Buyer wish to enter into a like-kind exchange (either simultaneously with Closing or deferred) under Section 1031 of the Internal Revenue Code ("Exchange"), the other party shall cooperate in all reasonable respects to effectuate the Exchange, including execution of documents; provided,

Buyer's Initials  A.b. -

04/07/2016
12:59 PM EDT                                          Page 9 of 12                          Seller's Initials [signature]

FloridaRealtors/FloridaBar-ASIS-4x   Rev. 2/16 © 2015 Florida Realtors® and The Florida Bar. All rights reserved.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com                    5936 W 18Th CT

Exhibit "A"

## STANDARDS FOR REAL ESTATE TRANSACTIONS ("STANDARDS") CONTINUED

495  however, cooperating party shall incur no liability or expense related to the Exchange, and Closing shall not be
496  contingent upon, nor extended or delayed by, such Exchange.
497  **O. CONTRACT NOT RECORDABLE; PERSONS BOUND; NOTICE; DELIVERY; COPIES; CONTRACT**
498  **EXECUTION:** Neither this Contract nor any notice of it shall be recorded in any public records. This Contract shall
499  be binding on, and inure to the benefit of, the parties and their respective heirs or successors in interest.
500  Whenever the context permits, singular shall include plural and one gender shall include all. Notice and delivery
501  given by or to the attorney or broker (including such broker's real estate licensee) representing any party shall be
502  as effective as if given by or to that party. All notices must be in writing and may be made by mail, personal
503  delivery or electronic (including "pdf") media. A facsimile or electronic (including "pdf") copy of this Contract and
504  any signatures hereon shall be considered for all purposes as an original. This Contract may be executed by use
505  of electronic signatures, as determined by Florida's Electronic Signature Act and other applicable laws.
506  **P. INTEGRATION; MODIFICATION:** This Contract contains the full and complete understanding and agreement
507  of Buyer and Seller with respect to the transaction contemplated by this Contract and no prior agreements or
508  representations shall be binding upon Buyer or Seller unless included in this Contract. No modification to or
509  change in this Contract shall be valid or binding upon Buyer or Seller unless in writing and executed by the parties
510  intended to be bound by it.
511  **Q. WAIVER:** Failure of Buyer or Seller to insist on compliance with, or strict performance of, any provision of this
512  Contract, or to take advantage of any right under this Contract, shall not constitute a waiver of other provisions or
513  rights.
514  **R. RIDERS; ADDENDA; TYPEWRITTEN OR HANDWRITTEN PROVISIONS:** Riders, addenda, and typewritten
515  or handwritten provisions shall control all printed provisions of this Contract in conflict with them.
516  **S. COLLECTION or COLLECTED: "COLLECTION" or "COLLECTED"** means any checks tendered or
517  received, including Deposits, have become actually and finally collected and deposited in the account of
518  Escrow Agent or Closing Agent. Closing and disbursement of funds and delivery of closing documents
519  may be delayed by Closing Agent until such amounts have been COLLECTED in Closing Agent's
520  accounts.
521  **T. LOAN COMMITMENT:** "Loan Commitment" means a statement by the lender setting forth the terms and
522  conditions upon which the lender is willing to make a particular mortgage loan to a particular borrower. Neither a
523  pre-approval letter nor a prequalification letter shall be deemed a Loan Commitment for purposes of this Contract.
524  **U. APPLICABLE LAW AND VENUE:** This Contract shall be construed in accordance with the laws of the State
525  of Florida and venue for resolution of all disputes, whether by mediation, arbitration or litigation, shall lie in the
526  county where the Real Property is located.
527  **V. FOREIGN INVESTMENT IN REAL PROPERTY TAX ACT ("FIRPTA"):** If a seller of U.S. real property is a
528  "foreign person" as defined by FIRPTA, Section 1445 of the Internal Revenue Code requires the buyer of the real
529  property to withhold up to 15% of the amount realized by the seller on the transfer and remit the withheld amount
530  to the Internal Revenue Service (IRS) unless an exemption to the required withholding applies or the seller has
531  obtained a Withholding Certificate from the IRS authorizing a reduced amount of withholding. Due to the
532  complexity and potential risks of FIRPTA, Buyer and Seller should seek legal and tax advice regarding
533  compliance, particularly if an "exemption" is claimed on the sale of residential property for $300,000 or less.
534  (i) No withholding is required under Section 1445 if the Seller is not a "foreign person," provided Buyer accepts
535  proof of same from Seller, which may include Buyer's receipt of certification of non-foreign status from Seller,
536  signed under penalties of perjury, stating that Seller is not a foreign person and containing Seller's name, U.S.
537  taxpayer identification number and home address (or office address, in the case of an entity), as provided for in
538  26 CFR 1.1445-2(b). Otherwise, Buyer shall withhold the applicable percentage of the amount realized by Seller
539  on the transfer and timely remit said funds to the IRS.
540  (ii) If Seller has received a Withholding Certificate from the IRS which provides for reduced or eliminated
541  withholding in this transaction and provides same to Buyer by Closing, then Buyer shall withhold the reduced
542  sum, if any required, and timely remit said funds to the IRS.
543  (iii) If prior to Closing Seller has submitted a completed application to the IRS for a Withholding Certificate and
544  has provided to Buyer the notice required by 26 CFR 1.1445-1(c) (2)(i)(B) but no Withholding Certificate has been
545  received as of Closing, Buyer shall, at Closing, withhold the applicable percentage of the amount realized by
546  Seller on the transfer and, at Buyer's option, either (a) timely remit the withheld funds to the IRS or (b) place the
547  funds in escrow, at Seller's expense, with an escrow agent selected by Buyer and pursuant to terms negotiated
548  by the parties, to be subsequently disbursed in accordance with the Withholding Certificate issued by the IRS or
549  remitted directly to the IRS if the Seller's application is rejected or upon terms set forth in the escrow agreement.
550  (iv) In the event the net proceeds due Seller are not sufficient to meet the withholding requirement(s) in this
551  transaction, Seller shall deliver to Buyer, at Closing, the additional COLLECTED funds necessary to satisfy the

Buyer's Initials _AA_                     04/07/2016
                                          12:59 PM EDT                  Page 10 of 12                    Seller's Initials _____

FloridaRealtors/FloridaBar-ASIS-4x   Rev. 2/16 © 2015 Florida Realtors® and The Florida Bar.  All rights reserved.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

5936 W 18Th CT

## STANDARDS FOR REAL ESTATE TRANSACTIONS ("STANDARDS") CONTINUED

552 applicable requirement and thereafter Buyer shall timely remit said funds to the IRS or escrow the funds for
553 disbursement in accordance with the final determination of the IRS, as applicable.
554 (v) Upon remitting funds to the IRS pursuant to this STANDARD, Buyer shall provide Seller copies of IRS Forms
555 8288 and 8288-A, as filed.
556 **W. RESERVED**
557 **X. BUYER WAIVER OF CLAIMS:** *To the extent permitted by law, Buyer waives any claims against Seller*
558 *and against any real estate licensee involved in the negotiation of this Contract for any damage or*
559 *defects pertaining to the physical condition of the Property that may exist at Closing of this Contract and*
560 *be subsequently discovered by the Buyer or anyone claiming by, through, under or against the Buyer.*
561 *This provision does not relieve Seller's obligation to comply with Paragraph 10(j). This Standard X shall*
562 *survive Closing.*

563 ### ADDENDA AND ADDITIONAL TERMS

564\* **19. ADDENDA:** The following additional terms are included in the attached addenda or riders and incorporated into
565 this Contract (**Check if applicable**):

☐ A. Condominium Rider        ☐ K. RESERVED                    ☐ T. Pre-Closing Occupancy
☐ B. Homeowners' Assn.        ☐ L. RESERVED                    ☐ U. Post-Closing Occupancy
☐ C. Seller Financing         ☐ M. Defective Drywall           ☐ V. Sale of Buyer's Property
☐ D. Mortgage Assumption      ☐ N. Coastal Construction Control Line  ☐ W. Back-up Contract
☐ E. FHA/VA Financing         ☐ O. Insulation Disclosure       ☐ X. Kick-out Clause
☐ F. Appraisal Contingency    ☐ P. Lead Paint Disclosure (Pre-1978)  ☐ Y. Seller's Attorney Approval
☐ G. Short Sale               ☐ Q. Housing for Older Persons   ☐ Z. Buyer's Attorney Approval
☐ H. Homeowners/Flood Ins.    ☐ R. Rezoning                    ☐ AA. Licensee Property Interest
☐ J. Interest-Bearing Acct.   ☐ S. Lease Purchase/ Lease Option  ☐ BB. Binding Arbitration

566\* **20. ADDITIONAL TERMS:** <u>BUYER AGREES TO PAY WEICHERT, REALTORS – NUSTAR ASSOCIATES A</u>
567 <u>BROKERAGE FEE OF $395.00 AT CLOSING</u>
568 _____
569 _____
570 _____
571 _____
572 _____
573 _____
574 _____
575 _____
576 _____
577 _____
578 _____
579 _____
580 _____
581 _____
582 _____

583 ### COUNTER-OFFER/REJECTION

584\* ☐ Seller counters Buyer's offer (to accept the counter-offer, Buyer must sign or initial the counter-offered terms and
585 deliver a copy of the acceptance to Seller).
586\* ☐ Seller rejects Buyer's offer.

587 **THIS IS INTENDED TO BE A LEGALLY BINDING CONTRACT. IF NOT FULLY UNDERSTOOD, SEEK THE**
588 **ADVICE OF AN ATTORNEY PRIOR TO SIGNING.**

589 **THIS FORM HAS BEEN APPROVED BY THE FLORIDA REALTORS AND THE FLORIDA BAR.**

590 *Approval of this form by the Florida Realtors and The Florida Bar does not constitute an opinion that any of the terms*
591 *and conditions in this Contract should be accepted by the parties in a particular transaction. Terms and conditions*

Buyer's Initials AA        04/07/2016 12:59 PM EDT        Page 11 of 12        Seller's Initials

FloridaRealtors/FloridaBar-ASIS-4x   Rev. 2/16 © 2015 Florida Realtors® and The Florida Bar.  All rights reserved.
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

5936 W 18Th CT

592 *should be negotiated based upon the respective interests, objectives and bargaining positions of all interested*
593 *persons.*

594 AN ASTERISK (*) FOLLOWING A LINE NUMBER IN THE MARGIN INDICATES THE LINE CONTAINS A BLANK TO
595 BE COMPLETED.
596
597* Buyer: _____                    04/07/2016 12:59:24        Date: _____
598        ALICIA ISABEL DIAZ

599* Buyer: _____                                             Date: _____
600

601* Seller: _____                                            Date: 5/10/16
602        ~~EDUARDO LOPEZ~~        Soneet R. Kapila, as Chapter 7 Trustee for Eduardo Lopez and Iris Porta

603* Seller: _____                                            Date: _____
604        ~~IRIS LOPEZ~~
605 Buyer's address for purposes of notice            Seller's address for purposes of notice
606* _____                         _____
607* _____                         _____
608* _____                         _____

609 **BROKER:** Listing and Cooperating Brokers, if any, named below (collectively, "Broker"), are the only Brokers entitled
610 to compensation in connection with this Contract. Instruction to Closing Agent: Seller and Buyer direct Closing Agent
611 to disburse at Closing the full amount of the brokerage fees as specified in separate brokerage agreements with the
612 parties and cooperative agreements between the Brokers, except to the extent Broker has retained such fees from the
613 escrowed funds. This Contract shall not modify any MLS or other offer of compensation made by Seller or Listing
614 Broker to Cooperating Brokers.

615* Mercedes Porraspita _____       _____
616 Cooperating Sales Associate, if any                  **Listing Sales Associate**

617* Weicherts Realtors - Nustar Associate 2.5% _____   _____
618 Cooperating Broker, if any                           **Listing Broker**



## Comprehensive Rider to the
## Residential Contract For Sale And Purchase
THIS FORM HAS BEEN APPROVED BY THE FLORIDA REALTORS AND THE FLORIDA BAR

If initialed by all parties, the clauses below will be incorporated into the Florida Realtors®/Florida Bar Residential Contract For Sale And Purchase between _____ Soneet Kapila, Chapter Bankruptcy Trustee for EDUARDO LOPEZ, IRIS LOPEZ _____ (SELLER) and _____ ALICIA ISABEL DIAZ _____ (BUYER) concerning the Property described as 5936 W 18Th CT, HIALEAH,, 33012 _____

Buyer's Initials  AḎ    04/07/2016 12:59 PM EDT          Seller's Initials _____

### A. CONDOMINIUM RIDER

1. **CONDOMINIUM ASSOCIATION APPROVAL:**
   The Association's approval of Buyer (CHECK ONE): ☒ is ☐ is not required. If approval is required, this Contract is contingent upon Buyer being approved by the Association no later than _____ (if left blank, then 5) days prior to Closing. Within _____ (if left blank, then 5) days after Effective Date Seller shall initiate the approval process with the Association and Buyer shall apply for such approval. Buyer and Seller shall sign and deliver any documents required by the Association in order to complete the transfer of the Property and each shall use diligent effort to obtain such approval, including making personal appearances if required. If Buyer is not approved within the stated time period, this Contract shall terminate and Buyer shall be refunded the Deposit, thereby releasing Buyer and Seller from all further obligations under this Contract.

2. **RIGHT OF FIRST REFUSAL:**
   (a) The Association (CHECK ONE): ☒ has ☐ does not have a right of first refusal ("Right"). If the Association has a Right, this Contract is contingent upon the Association, within the time permitted for the exercise of such Right, either providing written confirmation to Buyer that the Association is not exercising that Right, or failing to timely exercise such Right pursuant to the terms of the Declaration of Condominium ("Declaration", which reference includes all amendments thereto).
   (b) The members of the Association (CHECK ONE): ☐ have ☒ do not have a Right. If the members do have a Right, this Contract is contingent upon the members, within the time permitted for the exercise of such Right, either providing written confirmation to Buyer that the members are not exercising that Right, or failing to timely exercise such Right pursuant to the terms of the Declaration.
   (c) Buyer and Seller shall, within _____ (if left blank, then 5) days after Effective Date, sign and deliver any documents required as a condition precedent to the exercise of the Right, and shall use diligent effort to submit and process the matter with the Association and members, including personal appearances, if required.
   (d) If, within the stated time period, the Association, the members of the Association, or both, fail to provide the written confirmation or the Right has not otherwise expired, then this Contract shall terminate and the Deposit shall be refunded to the Buyer, thereby releasing Buyer and Seller from all further obligations under this Contract.
   (e) If the Association or a member timely exercises its or their Right, this Contract shall terminate and the Deposit shall be refunded to Buyer (unless this Contract provides otherwise), thereby releasing Buyer and Seller from all further obligations under this Contract, and Seller will pay to Broker the full commission at Closing in recognition that Broker procured the sale.

3. **FEES; ASSESSMENTS; PRORATIONS; LITIGATION:**
   (a) Condominium Association assessment(s) and Rents: Seller represents that the current Association assessment(s) installments is/are
   $ _____ payable (CHECK ONE): ☒ monthly ☐ quarterly ☐ semi-annually ☐ annually
   and if more than one Association assessment
   $ _____ payable (CHECK ONE): ☐ monthly ☐ quarterly ☐ semi-annually ☐ annually
   and the current rent on recreation areas, if any, is
   $ _____ payable (CHECK ONE): ☐ monthly ☐ quarterly ☐ semi-annually ☐ annually

**Page 1 of 3   A. CONDOMINIUM RIDER**                          **(SEE CONTINUATION)**

CR-4 Rev. 9/15 © 2015 Florida Realtors® and The Florida Bar. All rights reserved.
WEICHERT, REALTORS - NuStar Associates, 13055 SW 42 St. Ste. 107 Miami, FL 33175
Phone: 786-487-3404      Fax: 305-228-9041      Mercedes Porraspita
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

5936 W 18Th CT

## A. CONDOMINIUM RIDER (CONTINUED)

All annual assessments levied by the Association and rent on recreational areas, if any, shall be made current by Seller at Closing, and Buyer shall reimburse Seller for prepayments.

(b) Fees: Seller shall, at Closing, pay all fines imposed against the Unit by the Condominium Association as of Closing Date and any fees the Association charges to provide information about the Property, assessment(s) and fees.

*If Property is part of a Homeowners' Association, see Rider B. HOMEOWNERS' ASSOCIATION/COMMUNITY DISCLOSURE for further information including additional assessments and fees.*

(c) Special Assessments and Prorations:
  (i) Seller represents that Seller is not aware of any special or other assessment that has been levied by the Association or that has been an item on the agenda, or reported in the minutes, of the Association within twelve (12) months prior to Effective Date, ("pending") except as follows: _____

  _____

  (ii) If special assessments levied or pending exist as of the Effective Date are disclosed above by Seller and may be paid in installments (CHECK ONE): ☐ Buyer ☒ Seller (if left blank, then Buyer) shall pay installments due after Closing Date. **If Seller is checked, Seller shall pay the assessment in full prior to or at the time of Closing.**
  (iii) If special assessments levied or pending exist as of the Effective Date and have not been disclosed above by Seller, then Seller shall pay such assessments in full at the time of Closing.
  (iv) If, after Effective Date, the Association imposes a special assessment for improvements, work or services, which was not pending as of the Effective Date, then Seller shall pay all amounts due before Closing Date and Buyer shall pay all amounts due after Closing Date.
  (v) A special assessment shall be deemed levied for purposes of this paragraph on the date when the assessment has been approved as required for enforcement pursuant to Florida law and the condominium documents listed in Paragraph 5.
  (vi) Association assets and liabilities, including Association reserve accounts, shall not be prorated.

(d) Litigation: Seller represents that Seller is not aware of pending or anticipated litigation affecting the Property or the common elements, if any, except as follows: _____

  _____

**4. SPRINKLER SYSTEM RETROFIT:**
If, pursuant to Sections 718.112(2)(l), F.S., the Association has voted to forego retrofitting its fire sprinkler system or handrails and guardrails for the condominium units, then prior to Closing Seller shall furnish to Buyer the written notice of Association's vote to forego such retrofitting.

**5. NON-DEVELOPER DISCLOSURE:**
(CHECK ONE):

☐ (a) THE BUYER HEREBY ACKNOWLEDGES THAT BUYER HAS BEEN PROVIDED A CURRENT COPY OF THE DECLARATION OF CONDOMINIUM, ARTICLES OF INCORPORATION OF THE ASSOCIATION, BYLAWS AND RULES OF THE ASSOCIATION, AND A COPY OF THE MOST RECENT YEAR-END FINANCIAL INFORMATION AND FREQUENTLY ASKED QUESTIONS AND ANSWERS DOCUMENT MORE THAN 3 DAYS, EXCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS, PRIOR TO EXECUTION OF THIS CONTRACT.

☒ (b) THIS AGREEMENT IS VOIDABLE BY BUYER BY DELIVERING WRITTEN NOTICE OF THE BUYER'S INTENTION TO CANCEL WITHIN 3 DAYS, EXCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS, AFTER THE DATE OF EXECUTION OF THIS AGREEMENT BY THE BUYER AND RECEIPT BY BUYER OF A CURRENT COPY OF THE DECLARATION OF CONDOMINIUM, ARTICLES OF INCORPORATION, BYLAWS AND RULES OF THE ASSOCIATION, AND A COPY OF THE MOST RECENT YEAR-END FINANCIAL INFORMATION AND FREQUENTLY ASKED QUESTIONS AND ANSWERS DOCUMENT IF SO REQUESTED IN WRITING. ANY PURPORTED WAIVER OF THESE VOIDABILITY RIGHTS SHALL BE OF NO EFFECT. BUYER MAY EXTEND THE TIME FOR CLOSING FOR A PERIOD OF NOT MORE THAN 3 DAYS, EXCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS, AFTER THE BUYER RECEIVES THE DECLARATION, ARTICLES OF INCORPORATION, BYLAWS AND RULES OF THE ASSOCIATION, AND A COPY OF THE MOST RECENT YEAR-END FINANCIAL INFORMATION AND FREQUENTLY ASKED QUESTIONS AND ANSWERS DOCUMENT IF REQUESTED IN WRITING. BUYER'S RIGHT TO VOID THIS AGREEMENT SHALL TERMINATE AT CLOSING.

Page 2 of 3   A. CONDOMINIUM RIDER                               (SEE CONTINUATION)
CR-4 Rev. 9/15 © 2015 Florida Realtors® and The Florida Bar. All rights reserved.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com         5936 W 18Th CT

## A. CONDOMINIUM RIDER (CONTINUED)

6. **BUYER'S REQUEST FOR DOCUMENTS:**
   Buyer is entitled, at Seller's expense, to current copies of the condominium documents specified in Paragraph 5, above. Buyer (CHECK ONE): ☒ requests ☐ does not request a current copy of the documents specified in Paragraph 5, above. If this Contract does not close, Buyer shall immediately return the documents to Seller or reimburse Seller for the cost of the documents.

7. **BUYER'S RECEIPT OF DOCUMENTS:**
   **(COMPLETE AND CHECK ONLY IF CORRECT)** ☐ Buyer received the documents described in Paragraph 5, above, on
   _____ .

8. **COMMON ELEMENTS; PARKING:**
   The Property includes the unit being purchased and an undivided interest in the common elements and an appurtenant limited common elements of the condominium, as specified in the Declaration. Seller's right and interest in or to the use of the following parking space(s), garage, and other areas are included in the sale of the Property and shall be assigned to Buyer at Closing, subject to the Declaration:
   Parking Space(s) # _____ Garage # _____ Other: _____

9. **INSPECTIONS AND REPAIRS:**
   The rights and obligations arising under Paragraphs 11 and 12 of this Contract to maintain, repair, replace or treat are limited to Seller's individual condominium unit and unless Seller is otherwise responsible do not extend to common elements, limited common elements, or any other part of the condominium property.

10. **GOVERNANCE FORM:**
    PURSUANT TO CHAPTER 718, FLORIDA STATUTES, BUYER IS ENTITLED TO RECEIVE FROM SELLER A COPY OF THE GOVERNANCE FORM IN THE FORMAT PROVIDED BY THE DIVISION OF FLORIDA CONDOMINIUMS, TIMESHARES AND MOBILE HOMES OF THE DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, SUMMARIZING THE GOVERNANCE OF THE CONDOMINIUM ASSOCIATION.

CR-4 Rev. 9/15 © 2015 Florida Realtors® and The Florida Bar. All rights reserved.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com          5936 W 18Th CT

Exhibit "A"

# Comprehensive Rider to the
# Residential Contract For Sale And Purchase

**THIS FORM HAS BEEN APPROVED BY THE FLORIDA REALTORS AND THE FLORIDA BAR**



NuStar Associates

**If initialed by all parties,** the clauses below will be incorporated into the Florida Realtors®/Florida Bar Residential Contract For Sale And Purchase between _____ Soneet Kapila, Chapter 7 Bankruptcy Trustee for **EDUARDO LOPEZ, IRIS LOPEZ**_____ (SELLER) and _____ **ALICIA ISABEL DIAZ** _____ (BUYER) concerning the Property described as  5936 W 18Th CT, HIALEAH,,     33012

Buyer's Initials  A D   |   04/07/2016   12:59 PM EDT        Seller's Initials

## Z. BUYER'S ATTORNEY APPROVAL

This Contract is contingent upon Buyer's attorney approving this Contract. If Buyer's attorney disapproves this Contract, then Buyer may terminate this Contract by delivering written notice to Seller on or before  04/12/2016 , and Buyer shall be refunded the Deposit, thereby releasing Buyer and Seller from all further obligations under this Contract.

CR-4 Rev. 9/15 © 2015 Florida Realtors® and The Florida Bar. All rights reserved.

WEICHERT, REALTORS - NuStar Associates, 13055 SW 42 St. Ste. 107 Miami, FL 33175
Phone: 786-487-3404        Fax: 305-228-9041        Mercedes Porraspita

5936 W 18Th CT

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Exhibit "A"

**Addendum to Contract**

Addendum No. __1__ to the Contract dated _____ between

_____ Soneet R Kapila as Chapter 7 Bankruptcy Trustee for Eduardo Lopez & Iris Portal _____ (Seller)

and _____ (Buyer)

concerning the property described as: 5936 W 18th Court Unit #3-3 / Hialeah, FL 33012     a/k/a  EL SEVILLANO

TOWNHOMES CONDO UNIT 3 BLDG 3 UNDIV 1/56  INT        Property ID No 04-20-35-102-0210

(the "Contract").  Seller and Buyer make the following terms and conditions part of the Contract:
 The Real and Personal Property is sold strictly in its' "as is / where is" ("as is") condition subject to Bankruptcy Court Approval.

Seller is acting solely in his capacity as Chapter 7 Bankruptcy Trustee and has never lived in or occupied the premises. Seller, the Estate or Seller's Agents have no knowledge as to condition of the Property. Seller is selling this property as part of a bankruptcy sale, the sale is therefore "as is" and "where is" with no representations or warranties of any kind including as to use of the property past or present.  Buyer having been given the opportunity to perform inspections does hereby accept the property strictly in its' "as is" condition.

Seller has no information regarding the Condominium / Homeowner's Association nor has any Condominium or Homeowner Documents, Financials / Budgets or any knowledge regarding monthly maintenance fees, assessments pending or ratified if any.  It shall be the sole responsibility of Buyer at Buyer's cost to obtain any of the aforementioned above if so desired.

There shall be no re-prorations of any kind after closing.

Transfer of Title shall be made by Trustee's Deed and not by Warranty Deed.  The Property shall be sold Free and Clear of all Liens, Encumbrances or Other Interests.

Buyer agrees to use Seller's Closing Agent Tyler A. Gold, P.A.  Buyer shall pay for Owner's Policy and Charges and all charges for closing services related to Buyer, Buyer's Lender, Buyer's lender's policy, endorsements and loan closing and all other related charges for same.

This contract shall be null and void in the absence of Bankruptcy Court Approval and Buyer's deposit shall be immediately refunded without further Order of the Court.   Buyer's sole remedy is return of Deposit and all parties hereto shall be held harmless.  The Addendum and terms hereof where in conflict with the terms and / or clauses of the contract attached hereto shall super-cede the contract terms and / or clauses and shall survive the closing.

The Contract Closing Date is hereby amended to comply with court approval and shall occur within 10 days of Court Approval of the Sale to the Buyer herein


| | | | |
|---|---|---|---|
| Buyer: | _(signature)_ | Date: | May 7, 2016 |
| Buyer: | | Date: | |
| Seller: | _(signature)_ | Date: | 5/10/16 |
| Seller: | | Date: | |

ACSP-3   Rev 10/15                                                                                         © 2015 Florida Realtors®
Serial#: 049458-500145-8102501

Exhibit "A"

```
Label Matrix for local noticing       JPMORGAN CHASE BANK, NATIONAL ASSOCIATION    JPMorgan Chase Bank, National Association
113C-1                                 PO BOX 23028                                 c/o Phelan Hallinan Diamond & Jones PLLC
Case 14-36783-RAM                      Tampa, FL 33623-2028                         2727 West Cypress Creek Road
Southern District of Florida                                                        Fort Lauderdale, FL 33309-1721
Miami
Mon Jun  6 13:41:26 EDT 2016

American Express Bank FSB              Amex                                         Bk Of Amer
c/o Becket and Lee LLP                 Po Box 297871                                9000 Southside Blvd Bldg
PO Box 3001                            Fort Lauderdale, FL 33329-7871               Jacksonville, FL 32256-6705
Malvern  PA 19355-0701

(p)BANK OF AMERICA                     Cap One                                      Cap1/Bstby
PO BOX 982238                          Po Box 5253                                  26525 N Riverwoods Blvd
EL PASO TX 79998-2238                  Carol Stream, IL 60197-5253                  Mettawa, IL 60045-3440

Cap1/Bstby                             (p)CAVALRY PORTFOLIO SERVICES LLC            Ccmk/Cbna
Po Box 5253                            500 SUMMIT LAKE DR                           Po Box 6497
Carol Stream, IL 60197-5253           STE 400                                      Sioux Falls, SD 57117-6497
                                       VALHALLA NY 10595-2322

Chase                                  Chase                                        Chase/Cc
Po Box 15298                           Po Box 24696                                 Po Box 15298
Wilmington, DE 19850-5298              Columbus, OH 43224-0696                      Wilmington, DE 19850-5298

Citi                                   Comenity Bank/Marianes                       Discover Bank
Po Box 6497                            Po Box 182789                                Discover Products Inc
Sioux Falls, SD 57117-6497            Columbus, OH 43218-2789                      POB 3025
                                                                                    New Albany Ohio 43054-3025

Discover Fin Svcs Llc                  El Sevillano Townhomes Condo Assoc. Inc.    LVNV Funding
Po Box 15316                           Neighborhood Property Managment, Inc.        POB 10497
Wilmington, DE 19850-5316              POB 628207                                   Greenville, SC 29603-0497
                                       Orlando, FL 32862-8207

LVNV Funding, LLC                      Mcydsnb                                      Midland Funding
c/o Law Offices of Andreu,Palma & Andreu   9111 Duke Blvd                          8875 Aero Dr Ste 200
1000 NW 57th Court                     Mason, OH 45040-8999                         San Diego, CA 92123-2255
Suite 400
Miami, FL 33126-3292

Nissan Motor Acceptanc                 (p)NISSAN MOTOR ACCEPTANCE CORPORATION       Office of the US Trustee
Po Box 660360                          LOSS RECOVERY                                51 S.W. 1st Ave.
Dallas, TX 75266-0360                  PO BOX 660366                                Suite 1204
                                       DALLAS TX 75266-0366                         Miami, FL 33130-1614

Portfolio Recovery & Affil             Portfolio Recovery Ass                       Radio/Cbna
120 Corporate Boulevard                120 Corporate Blvd Ste 1                     Po Box 6497
Suite 1                                Norfolk, VA 23502-4962                       Sioux Falls, SD 57117-6497
Norfolk, VA 23502-4962
```

Sears/Cbna
Po Box 6189
Sioux Falls, SD 57117-6189

Sears/Cbna
Po Box 6283
Sioux Falls, SD 57117-6283

Suntrust Bk Miami Na
Po Box 524203
Miami, FL 33152-4203

Syncb/Bmrt
P O Box 981439
El Paso, TX 79998-1439

Syncb/Brandsmart
Po Box 965036
Orlando, FL 32896-5036

Syncb/Brandsmart Platn
C/O Po Box 965036
Orlando, FL 32896-0001

Syncb/City Furniture
C/O Po Box 965036
Orlando, FL 32896-0001

Syncb/Jcp
Po Box 965007
Orlando, FL 32896-5007

Syncb/Lowes
Po Box 965005
Orlando, FL 32896-5005

Syncb/Old Navy
Po Box 965005
Orlando, FL 32896-5005

Syncb/Syncb
Po Box 965036
Orlando, FL 32896-5036

Target Nb
Po Box 673
Minneapolis, MN 55440-0673

Td Rcs/Group Usa Inc
1000 Macarthur Blvd
Mahwah, NJ 07430-2035

Thd/Cbna
Po Box 6497
Sioux Falls, SD 57117-6497

Unifund CCR, LLC
c/o Hunt & Kahn, P.A.
POB 934788
Margate, FL 33093-4788

Visdsnb
9111 Duke Blvd
Mason, OH 45040-8999

(p)WELLS FARGO BANK NA
WELLS FARGO HOME MORTGAGE AMERICAS SERVICING
ATTN BANKRUPTCY DEPT MAC X7801-014
3476 STATEVIEW BLVD
FORT MILL SC 29715-7203

Wffnatbank
Po Box 94498
Las Vegas, NV 89193-4498

Eduardo Lopez
8857 NW 115th Street
Hialeah Gardens, FL 33018-1934

Iris Portal
8857 NW 115th Street
Hialeah Gardens, FL 33018-1934

Maria Vasile
4101 N 31 Ave
Hollywood, FL 33021-2011

Robert Sanchez Esq
355 W 49 St.
Hialeah, FL 33012-3715

Soneet Kapila
www.kapilatrustee.com
PO Box 14213
Ft Lauderdale, FL 33302-4213


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Bk Of Amer
Po Box 982235
El Paso, TX 79998

Cavalry Portfolio Services, LLC
POB 27288
Tempe, AZ 85285-7288

Nissan-Infiniti Lt
2901 Kinwest Pkwy
Irving, TX 75063

Wells Fargo Hm Mortgag
8480 Stagecoach Cir
Frederick, MD 21701

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

(d)Midland Funding
8875 Aero Drive
Suite 200
San Diego, CA 92123-2255

End of Label Matrix
Mailable recipients    52
Bypassed recipients     2
Total                  54